57 So.2d 108

**WILKINSON et al. v. COHEN.**

**6 Div. 262.**

Supreme Court of Alabama.

Oct. 18, 1951.

Rehearing Denied March 6, 1952.

Jones, Dominick & McEachin, Tuscaloosa, for appellee.

Wilkinson & Skinner, Birmingham, pro se, for appellants.

STAKELY, Justice.

The question for decision is whether the court abused its discretion in setting aside a judgment by default. The suit was begun by an attachment sued out by Wilkinson and Skinner, partners doing business as Wilkinson & Skinner, against Harry Cohen, a nonresident residing at Memphis, Tenn. The attachment was levied by service of a sheriff's garnishment on Milton Andrews, President of the Bank for Savings and Trusts, at Birmingham, Alabama.

The garnishee filed his answer and notice to the nonresident defendant of the levy and pendency of the attachment was published for three successive weeks in a newspaper commencing October 21, 1950. On December 4, 1950 defendant by his attorneys, Jones, Dominick and McEachin of Tuscaloosa, Alabama, filed a motion to quash service and to quash the writ of attachment and its levy, a motion for rule to show cause why the attachment and garnishment should not be dissolved and certain pleas in abatement.

The plaintiffs filed demurrers to the pleas in abatement on December 20, 1950 and also filed a motion to strike pleas 1 through 18 on December 21, 1950. On December 11, 1950, Judge Eugene Hawkins overruled motion of defendant to quash service and to quash the writ of attachment and its levy and overruled the motion of defendant for a rule to show cause why the attachment and garnishment should not be dissolved. On December 21, 1950 Judge Russell McElroy overruled the motion of plaintiffs to strike defendant's pleas in abatement and the demurrers of plaintiffs to defendant's pleas in abatement were taken under advisement. Additional pleas in abatement were filed by the defendant on January 15, 1951.

On January 19, 1951, plaintiffs filed an amendment of their affidavit. The summons and complaint was amended by adding a count for work and labor designated Count 2 and a count designated Count 3 alleging breach of contract. On January 22, 1951 plaintiffs filed additional demurrers to defendant's additional pleas in abatement. On January 25, 1951 Judge McElroy set aside the previous submission made on December 21, 1950 and the defendant refiled his motion to quash service and to quash the writ of attachment and refiled his motion for a rule nisi to show cause why the attachment and garnishment should not be dissolved. These motions were overruled.

The defendant refiled to the complaint as amended his pleas in abatement and plaintiffs refiled their demurrers to the pleas. In its order of January 25, 1951 the court also sustained the demurrers to the pleas in abatement and defendant was allowed until and including February 10, 1951 to plead further.

On February 12, 1951 defendant filed demurrers to the complaint and to each count thereof separately and severally and demanded a jury trial. The demurrers were mailed by defendant's attorneys from Tuscaloosa, Alabama, to the Clerk of the Circuit Court at Birmingham, Alabama, on Friday, February 9, 1951 by United States mail postage prepaid. These demurrers were marked filed on February 12, 1951. On February 13, 1951 plaintiffs filed a motion to strike defendant's jury demand and on February 16, 1951 this motion was dismissed without prejudice.

On February 28, 1951 the attorney for the plaintiffs appeared before Judge J. Edgar Bowron, who was engaged in the trial of cases at the time, and asked for a default judgment against defendant. Judge Bowron asked the attorney if he had checked the docket in the clerk's office to see if the defendant was in default. The attorney replied that he had checked the docket and the defendant was in default, the attorney further stating, "In Judge McElroy's order the defendant was given until February 10, 1951 to plead. He has not filed any pleas. He has filed a demurrer to the complaint, but not to the complaint as amended. I think we have him on a point

of law * * *." Judge Bowron replied that he was going to accept what the attorney said about the demurrers without checking the record. Thereupon on February 28, 1951 Judge Bowron entered a judgment by default for the plaintiffs. On March 2, 1951 Judge Bowron filed an order discharging Milton Andrews, the garnishee, and condemned a fund of $25,000 in the hands of Milton Andrews to the satisfaction of the default judgment. The fund of $25,000 was paid into court by Milton Andrews and the clerk of the court in turn paid the proceeds to the plaintiffs, less the costs. On March 2, 1951 Judge Bowron telephoned one of the defendant's attorneys at Tuscaloosa, Alabama, and stated that the case had been presented to him for a judgment by default on February 28, 1951 and for a judgment condemning to the satisfaction of the judgment by default the fund or sum of $25,000 in the hands of Mr. Milton Andrews and ordering the said garnishee, the said Mr. Milton Andrews, at his election, to pay said sum into court and accept the acquittance therefor. Judge Bowron stated that he was not familiar with the case at the time it was presented to him for entering the default judgment and judgment condemning the garnishment fund and stating that he was not shown the demurrer heretofore filed by defendant's attorneys and further stated that he did not know that any attorneys of another city were representing defendant at the time. The attorney advised Judge Bowron that demurrers had been filed in the case and a jury trial demanded and Judge Bowron stated that the clerk of the court was standing at his elbow and showing him the demurrers of the defendant which were filed in the case.

On March 6, 1951 the defendant filed a motion to set aside and vacate the default judgment and the order discharging the garnishee and condemning the funds in his hands. On March 9, 1951 plaintiffs filed an answer to defendant's motion to set aside the default judgment and the order discharging the garnishee. On March 28, 1951, within 30 days after the default judgment was entered and the order made discharging the garnishee and after oral arguments by attorneys, Judge Bowron set aside and vacated the default judgment and the order discharging the garnishee and condemning the fund in the hands of the garnishee and ordered plaintiffs to repay to the clerk of the court the proceeds of the fund received by them and the clerk in turn to repay the fund to Milton Andrews, the garnishee. On April 9, 1951 the court sustained plaintiff's motion for an order to suspend the part of the order requiring plaintiffs to pay over to the clerk of the circuit court the money received by them pursuant to the default judgment pending an application to the Supreme Court of Alabama to review the order setting aside the default judgment and the judgment discharging the garnishee. On April 16, 1951 this motion of the plaintiffs was granted by the court to be effective until May 11, 1951.

Security for costs of appeal to the Supreme Court of Alabama was given by the plaintiffs on April 19, 1951 and citation of appeal was given to defendant or defendant's attorney on April 19, 1951 and served on defendant's attorney on April 23, 1951.

The appeal was duly submitted to this court with a petition for the alternative writ of mandamus, commanding Hon. J. Edgar Bowron, as Judge of the Circuit Court of the 10th Judicial Circuit, forthwith and immediately to vacate the order entered on March 28, 1951 vacating the judgment by default previously rendered in favor of the plaintiffs and also vacating the judgment rendered against the garnishee and the order directing the plaintiffs to repay to the Clerk of the Court the money heretofore paid to them under the default judgment. This court in the meantime entered an order that the status quo be preserved in the cause pending consideration of the cause by this court. Judge J. Edgar Bowran, as Judge of the 10th Judicial Circuit, accepted service of the petition for mandamus, waived the issuance of a rule nisi and agreed that the proceedings be submitted upon the petition and the transcript of the record in the case of Skinner & Wilkinson v. Cohen.

The cause is submitted in this court on the petition for the alternative writ of mandamus, the answer thereto, motion to dismiss the appeal and the merits.

20

■ Our cases uniformly hold that an order setting aside a judgment by default will not support an appeal. Furthermore such an order is not reviewable on appeal from the final judgment. City of Birmingham v. Goolsby, 227 Ala. 421, 150 So. 322; Garaca v. Lusco, 232 Ala. 573, 169 So. 12; Du Pree v. Hart, 242 Ala. 690, 8 So.2d 183. The fact that upon setting aside the judgment by default against the defendant, the court also set aside the judgment against the garnishee, does not change the rule, because when the judgment against the defendant was vacated, vacation of the judgment against the garnishee followed as a matter of course. From the ancillary nature of a garnishment proceeding a valid judgment against the defendant is a prerequisite to the validity of a final judgment against the garnishee. State v. Smith, 215 Ala. 449, 111 So. 28; Lee v. Ryall, 68 Ala. 354.

■ While we will not review the ruling of the court on appeal and in keeping with the foregoing authorities the appeal will be dismissed on the motion to dismiss the appeal, the appellants ask in the alternative for a mandamus to compel the judge to vacate his order setting the judgment by default aside. It is in order for us to consider the petition for mandamus. Kolb v. Swann Chemical Corp., 245 Ala. 438, 17 So. 2d 402; authorities supra.

■ It is insisted here that in the proceeding before Judge Bowron in which he was asked to set aside the judgment by default there was no showing that the defendant Cohen had a meritorious defense to the demand of the plaintiffs or that he was prevented from making any defense to the demand by accident or mistake or that his counsel were misled or confused or mistaken about the order entered on January 25, 1951 or that the defendant's default was excusable. The case is simplified however under the decisions of this court by the fact that the court entered the order setting aside the default judgment within 30 days from the time of the rendition of the default judgment. Ex parte Cox, 253 Ala. 647, 46 So.2d 417. We point this out because we are not dealing with a situation where a motion is made under the four

months statute, Code 1940, Tit. 7, § 279, or where the question is presented in a bill in equity to enjoin the enforcement of a judgment at law or to a motion for a new trial where there was a trial. Ex parte State ex rel. Atlas Finance Co., 251 Ala. 665, 38 So.2d 560. In the last cited authority it was shown that a judgment by default is within control of the court for 30 days from the date of its rendition during which time the court can set aside such judgment in the exercise of its discretion and this action is not subject to revision by mandamus except for abuse of discretion. Furthermore the power of a court of record over its judgments for a period of thirty days from the date of rendition is very large, if not unlimited. Kolb v. Swann Chemical Corp., supra.

■ In setting aside the judgment by default the court stated that the defendant Harry Cohen was not in default on February 28, 1951, having previously filed on February 12, 1951 a demurrer to the complaint and that the default judgment entered by the court on the 28th day of February, 1951, was in error. On this state of the record we will not say that Judge Bowron abused his discretion.

■ At the time the judgment by default was rendered a demurrer of the defendant to the complaint was on file and not acted on by the court. Prior to filing the demurrer the complaint had been amended by adding additional counts 2 and 3. There was only one count in the original complaint. The demurrer to the complaint after the complaint was amended was assigned "to the complaint of the plaintiffs and to each count thereof, separately and severally." The demurrer was accordingly directed to the complaint as amended and constituted the proper procedure to test the sufficiency thereof. Jones v. Mullin, 251 Ala. 501, 38 So.2d 281. There is nothing to show that the defendant was not insisting upon a decision by the court on the demurrer. Lokey v. Ward, 228 Ala. 559, 154 So. 802; White & Spigener v. Whatley, 128 Ala. 524, 30 So. 738. Furthermore the filing of the demurrer was a compliance with the order of the court to plead further. A demurrer is generally considered as a

pleading and a compliance with a rule to plead. 71 C.J.S., Pleading, § 218, p. 426.

We conclude that the mandamus must be denied.

Mandamus denied. Appeal dismissed.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.