89 So.2d 67

**Ex parte Charles M. PARKER.**

**4 Div. 872.**

Supreme Court of Alabama.

Aug. 2, 1956.

Ed Brogden and A. R. Powell, Jr., Andalusia, for petitioner.

Reid & Enzor, Andalusia, for respondent.

STAKELY, Justice.

This is an original petition addressed to this Court by Charles M. Parker for a writ of mandamus to the Judge of the Circuit Court of Covington County, commanding him to vacate and set aside an order vacating a judgment by default, which he had entered in a case in the Circuit Court, which will be hereinafter described and also commanding him to vacate and set aside an order which he made transferring back to the jury docket the foregoing cause which he had previously transferred from the jury docket to the non-jury docket. The facts with respect to the right to have the writ of mandamus issued are substantially as follows:

On November 9, 1955, Charles M. Parker (Petitioner) filed a suit against the defendants, Waco Iron Works, a partnership composed of James K. Watley and Mack Bullard et al., in the Circuit Court of Covington County, claiming damages against defendants for their alleged negligence in an automobile accident, in which Charles M. Parker suffered personal injuries. Service was had on November 11, 1955. On December 29, 1955, more than 30 days after service of the foregoing summons and complaint upon the defendants, Hon. B. W. Simmons, as Judge of the Circuit Court of Covington County, Alabama, rendered a default judgment against the named defendants after the plaintiff had withdrawn his demand for a jury trial of the case and consented that his damages be ascertained by the Court without the intervention of a jury. Upon rendition of the default judgment, the Court ordered that a writ of inquiry to ascertain the plaintiff's damages be executed by the Court at a later date.

On December 31, 1955, Judge Simmons executed the writ of inquiry without the intervention of a jury and rendered judgment against the named defendants and in favor of the plaintiff, in the sum of $15,000 with the costs of court.

On January 5, 1956, the defendants filed a motion praying that the default judgment and the judgment on the writ of inquiry be set aside and the Court appointed January 16, 1956, as the date to hear the motion. On January 16, 1956, Judge B. W. Simmons heard the motion to set aside the default judgment and judgment on the writ of inquiry and after hearing the testimony of the attorney for the defendants and one of the attorneys for the plaintiff, rendered a judgment ordering the default judgment heretofore rendered against the defendants be vacated and held for naught. The Court further ordered the cause to be transferred to the jury trial docket with the additional order that the Clerk of the Court set the case for trial on the jury trial docket.

The cause is submitted here on the petition of Charles M. Parker for writ of mandamus and on the demurrer and answer of Judge B. W. Simmons to the petition for mandamus.

The testimony of the attorneys which has been referred to above, need not be set out in detail. Neither attorney criticizes or seeks to impeach the testimony of the other. As we understand the record, there appears to have been a misunderstanding between counsel as to when counsel for defendant was to file his answer to the complaint. Counsel for defendant

appears to have been given additional time in which to plead, so that he thought he had sixty days in which to file an appearance, that is until January 11, 1956. On the other hand counsel for plaintiff did not understand that the defendant had this amount of additional time and that counsel for plaintiff before judgment was taken had advised counsel for defendant that he should plead or be in default. There was no agreement in writing.

 I. It is obvious that the motion to set aside the default judgment was filed within the thirty day period from the date of the default judgment. Accordingly, the judgment by default was within the control of the Court, or as otherwise stated, "within the breast of the Court." During such period the Court had a discretionary power to set aside the judgment which is irrevisable by mandamus except for abuse of discretion. Under the circumstances set forth above, we cannot affirm that the judge abused the discretion confided in him as judge. Wilkinson v. Cohen, 257 Ala. 16, 57 So.2d 108; Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560; Ex parte Cox, 253 Ala. 647, 46 So.2d 417; Kolb v. Swann Chemical Corp., 245 Ala. 438, 17 So.2d 402.

II. It appears from the foregoing statement of facts that the plaintiff withdrew the demand for trial by jury when the default judgment was entered and thereafter the court executed the writ of inquiry. Under § 265, Title 7, Code of 1940, Pocket Part, where either party has demanded a trial by jury, neither party shall have the right to withdraw such demand without the consent of the opposite party. Ex parte Merchants National Bank of Mobile, 257 Ala. 663, 60 So.2d 684. In the present case no such consent was given by the defendant. Section 260, Title 7, Code of 1940, however, has been amended as is shown in § 260, Title 7, Code of 1940, so as to include the following language: "On defendant's default, the plaintiff may withdraw his demand for a jury, if any, and have his damages ascertained by the court without the intervention of a jury." We take it that § 260 as amended controls the situation in the case at bar since this is the last expression by the legislature on the subject, but it applies only to the execution of a writ of inquiry issued in a default.

 When the default was set aside the judgment on the writ of inquiry was automatically vacated and the case restored to its status prior to the default. In that status the provisions of § 265 have application and for the purpose of trial the plaintiff would not have a right to withdraw his demand for trial by jury without the consent of the defendant. Therefore, the case was properly restored to the jury docket.

Writ denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.