### 38051. EDWARDS *v.* WASHINGTON NATIONAL INSURANCE COMPANY.

TOWNSEND, Judge. 1. Code (Ann.) § 70-301.1 provides in part as follows: "A brief of evidence shall not be required to be filed with any motion for new trial where the assignments of error made in the motion for new trial, or the amended motion for new trial, do not require the consideration by the court of the evidence in said case . . . [and the court] shall only be required to pass upon all questions of law made which do not require a consideration of the evidence in the case, such as disqualification of the judge or jurors, rulings of the court . . . upon the pleadings or motions made in the case which do not require a consideration of the evidence, and like questions, the specifications above being illustrative and not exclusive." In a case falling under the provisions of this statute, a question of law raised by an amendment to the motion for new trial which involves no consideration of evidence must be decided regardless of the absence of the brief of evidence. *Stevens* v. *Wright Contracting Co., 92 Ga. App.* 373 (2) (88 S. E. 2d 511). The motion for new trial in this case alleges that the judgment rendered was illegal for the reason that the plaintiff, after filing his written demand for jury trial in the Civil Court of Fulton County, later withdrew the same without notice to the defendant or defendant's counsel and submitted the case to a judge of that court without a jury, without the knowledge or consent of defendant or his counsel and in their absence, the case never having appeared on any regularly published calendar. The judgment was taken July 21, 1959, and the first regular default jury calendar would have been at the September term, 1959, some months later. No brief of evidence is necessary in order to decide this question. The argument that this court should apply the rule that, had the

evidence in fact presented by the plaintiff demanded a verdict in his favor for the amount sued for the error would be harmless is a fallacious contention, for the reason that the plaintiff, by taking such judgment in the absence of the defendant, precluded him either from opening the default and presenting a defense, or, if he did not wish to open the default, from cross-examining the plaintiff's witnesses and perhaps proving other facts which would have authorized a judgment in favor of the defendant. Accordingly, the trial court did not err in refusing to dismiss the defendant's motion for new trial because no brief of evidence was appended to it.

2. The act of 1935 (Ga. L. 1935, pp. 500, 503) amending the statutes creating the Civil Court of Fulton County (formerly Municipal Court of Atlanta) provides: "A jury trial, once demanded by either party, shall not be waived except by written consent of the opposite party." The plaintiff here having made a demand for jury trial had no right to withdraw the same without the written consent of the defendant, and this is true whether the defendant was in default at the time of the withdrawal of the demand or not. It was still the opposite party, and as such had a right to insist that the processes of the court be conducted in a legal rather than an illegal manner. The trial judge accordingly did not err in granting the motion for a new trial and setting the same for hearing upon the next following jury default calendar.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 28, 1960.

*Franklin B. Anderson,* for plaintiff in error.
*Tindall & Tindall, J. F. Kemp,* contra.