160 So.2d 740 (1964)
Arthur H. LOISELLE, Appellant,
v.
Flossie L. GLADFELTER and Kenneth Gladfelter, her husband, and Frances K. Gladfelter, a minor, by her father and next friend Kenneth Gladfelter, Appellees.
No. 63-387.
District Court of Appeal of Florida. Third District.
February 18, 1964.
Rehearing Denied March 3, 1964.
*741 Fowler, White, Gillen, Humkey & Trenam and Henry Burnett, Miami, for appellant.
Sams, Anderson, Alper & Spencer, Sam Daniels, Miami, for appellees.
Before CARROLL, HORTON and HENDRY, JJ.
HORTON, Judge.
The appellant was the defendant in an action for damages growing out of a rear end automobile collision. The appellees in their complaint, filed April 23, 1962, demanded a trial by jury. After personal service upon appellant of the complaint and summons, a default for failure to "answer or otherwise plead" was entered against the appellant. The default was entered on May 31, 1962. Subsequent to the default, the issue as to damages was set for trial on April 1, 1963. The cause was tried by the court without a jury on April 5, 1963, resulting in final judgment in favor of the appellees. After trial, a timely motion for new trial was made by appellant in which he complained, inter alia, that trial by jury had been denied him although requested by the appellees in their complaint. The motion was denied and this appeal followed.
The question involved on this appeal concerns an interpretation of Rule 2.1, Florida Rules of Civil Procedure, particularly §§ (b) and (d) of the rule[1], and specifically the application of such interpretation to the facts and circumstances of this case. The appellant never appeared in the case, and suffered a default for such failure. Were it not for the concluding portions of Rule 2.1(d), which we have italicized in footnote 1, it could reasonably be concluded that the appellant had waived his right to a jury trial on the issue of damages. However, this provision was placed in the rule so that a party who demanded a jury trial could not, by withdrawing such demand, frustrate a non-demanding party's right to a jury when such party had not requested a jury trial. See Author's Comment on Rule 2.1, 31 F.S.A. 5.
The trial judge in his order denying the appellant's motion for new trial grounds his decision mainly on the failure of the appellant to appear and concludes that such failure constitutes a waiver of his right to object to the appellees' withdrawal of their demand for jury trial. He also cites as authority in support of his conclusion 30A Am.Jur., Judgments, § 218, p. 293[2]. The appellant relies in part upon the pronouncements of this court in Grappell v. Lauderdale River Park Estates, Inc., Fla.App. 1961, 126 So.2d 574, but we agree with the learned trial judge that this case is not factually analogous to the case at bar, and consequently requires the application of a different rule. In the Grappell case the defendant's answer was stricken for his failure to comply with a discovery order although he had timely demanded a jury trial. This court held that the default upon striking the defendant's answer did not obliterate his demand for jury trial, nor could the plaintiff's *742 demand be withdrawn without the defendant's consent.
In the main, we are faced here with a determination of whether the appellant's failure to even appear in the case was such circumstance or conduct as would constitute a waiver of his right to a jury trial or a consent to a non-jury trial. We have not been cited, nor has our research revealed, any Florida case directly on point. The cases dealing with this subject have been collected in an annotation entitled "Rule or statute requiring opposing party's consent to withdrawal of demand for jury trial," appearing in 90 A.L.R.2d 1162-68. An analysis of this annotation reveals the divergent views of the courts of our sister states based upon their particular statutes or rules of procedure[3]. The federal courts in construing Rule 38(d) of the Federal Rules of Civil Procedure (substantially the same as our Rule 2.1(d), supra) have similarly been divided. The majority of federal courts that have considered this problem indicate that it is the better practice, if not actually compelled, that the issue as to damages following the entry of a default judgment (when a jury trial has been previously demanded by a party) should be submitted to the jury[4].
Since the right to a trial by jury is constitutionally protected and guaranteed, we think it more reasonable to conclude that if the appellant here, defendant below, is to be precluded a jury trial on the question of damages, it should be upon an affirmative showing that he has either consented to appellees' withdrawal of their demand for jury trial, or that his conduct in law constitutes a waiver. By this statement we do not infer that a person who might otherwise be protected in his constitutional right to a trial by jury cannot effectively waive such right as he could other constitutional rights which he possesses. We do say, however, that waiver by implication in these circumstances must be more than a mere failure to appear and contest the issues of the case.
We are constrained to adopt the view that when a constitutional right is vested in a party, and there is doubt as to whether he has waived that right, such doubt should be resolved in his favor. Consequently, in the case at bar we conclude that the appellant's mere silence and failure to participate in the case did not, per se, deprive him of his constitutional right to have the issue of damages tried by a jury. We further conclude that if the rule were intended to apply to those defendants who suffer defaults by reason of failure to respond to an action as opposed to defendants who, although having participated, were defaulted for some conduct condemned by the court or the rules of procedure, we think the rule should so provide, absent which we are not prepared to say that different circumstances of default would require different applications of the rule.
*743 For the foregoing reasons the judgment appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
NOTES
[1] Rule 2.1. "(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury, by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party. * * *

"(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by these rules shall constitute a waiver by him of trial by jury. If waived, a jury trial may not be granted without the consent of the parties. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." [Emphasis supplied]
[2] "* * * In any event, the determination by a jury of damages in case of a default may be waived. It has been held that a trial judge may assess damages without a jury where the defendant, by non-appearance, in effect impliedly consented to a waiver of a statutory right to have damages assessed by a jury * * *."
[3] Alabama, by rule first and statute later, has held that on a defendant's default, a plaintiff may withdraw his demand and have damages ascertained by the court without the intervention of the jury. See Skelton v. Weaver, 266 Ala. 335, 96 So.2d 288; Ex parte Parker, 265 Ala. 20, 89 So.2d 67. Tennessee, by decision, has reached a similar result. See Russell v. Hackett, 190 Tenn. 381, 230 S.W.2d 191. In Georgia, however, a statute with wording similar to our rule providing that a jury trial "once demanded by either party, shall not be waived except by written consent of the opposite party," [Laws 1935, pp. 500, 503] prevented a plaintiff who had demanded a jury trial from withdrawing it and submitting the cause to a judge without the knowledge or written consent of the defendant. Edwards v. Washington Nat'l. Ins. Co., 101 Ga. App. 138, 113 S.E.2d 178. The Georgia court went on to say that their holding applied whether the defendant was in default at the time of the withdrawal or not since it was still the opposite party and as such, had a right to insist that the process of the court should be conducted in a legal manner.
[4] See Barber v. Turberville, 1954, 94 U.S. App.D.C. 335, 218 F.2d 34, and cases cited therein at page 37. Contra, Olsen v. International Supply Co., D.C., 1958, 22 F.R.D. 221, 17 Alaska 643.