PATTON, ROBERT W., Associate Judge.
This is an appeal from a Final Judgment entered in favor of the appellee under the following circumstances. The appellee (plaintiff below), in its Complaint, alleged that the appellant was a Florida corporation engaged in business as a common carrier of freight and that the appellee had employed appellant to transport certain furniture and other personal property from Brooklyn, New York, to St. Petersburg, Florida. The appellee claimed damages for the breakage and destruction of some or all of said goods while the same were being transported by the appellant. After filing a Motion To Dismiss, which was denied, the appellant *868 filed an Answer and Counterclaim, the latter alleging a claim for storage, warehousing and other services rendered for the ap-pellee. The appellee then filed his Answer to said Counterclaim and also filed a Demand for Jury Trial.
After the cause was at issue as aforesaid, the Court below, on May 7, 1964, entered an Order directing a Pre-trial Conference on May 25, 1964, which Order contained the following paragraph:
“Upon failure of the attorney to attend a hearing, it shall be within the Court’s discretion, sua sponte, to dismiss the suit or strike the answer or take such action as the manifest justice of the cause requires.”
The next entry in the record is a Final Judgment entered on June 10, 1964 in favor of the appellee in the sum of $905.00 principal, plus interest and costs, which judgment contained the following paragraph:
“The above cause being called up for Pre-trial Conference, the Defendant and its counsel having failed to appear after due notice, and the Plaintiff being represented by counsel, the Court, sua sponte, does hereby dismiss the Counterclaim filed by the Defendant, and does strike the Answer of the Defendant, and the Plaintiff herein having produced and filed in this Court his sworn account against said Defendant s.ued on herein, and the Court being fully advised in the premises, * *
On November 27, 1964, the appellant filed its Motion to Vacate the above judgment on the ground that its attorney of record had failed and neglected to attend the Pretrial Conference without any knowledge on the part of the appellant, and further stated that the appellant had a meritorious defense. Attached to this motion was an affidavit of the president of the appellant wherein it was stated that the appellant first learned of the entry of the judgment in the latter part of August of 1964 and stated that at that time it retained another attorney to represent its interest. The Motion to Vacate contained no explanation of the delay in filing same after discovery by the appellant of the Final Judgment. On December 17, 1964, the trial court entered an Order denying the appellant’s Motion to Vacate Judgment, from which Order it appears, in addition to the facts above stated, that when the attorney of record for the appellant failed to appear at the Pre-trial Conference, the trial judge personally called the home of said attorney and informed the wife of said attorney of the Pre-trial Conference and requested her to have said attorney call the trial judge. The trial judge then waited until June 10, 1964 at which time, having had no response from said attorney, said Final Judgment was entered.
Under Rule 1.16 of the Rules of Civil Procedure, 30 F.S.A. it is clear that the trial judge had the authority to strike the appellant’s Answer and dismiss its Counterclaim for the failure of its attorney to appear at the Pre-trial Conference, and under the particular circumstances of this case we are of the opinion that the trial judge did not abuse his discretion in taking this action. The failure of the ap-pellee to take any action in the trial court for a period of three months after its alleged discovery of the Final Judgment was sufficient reason for the refusal of the trial judge to set aside such judgment.
It further appears, however, that the trial court was in error in entering a judgment in favor of the appellee without submitting the question of damages to a jury. In the case of Loiselle v. Gladfelter, 160 So.2d 740, the District Court of Appeal of the Third District held that where a plaintiff had made a demand for jury trial the defendant was entitled to a jury trial on the question of damages even though a default had been previously entered against the defendant for failure to answer or otherwise plead. This decision was affirmed by the Supreme Court of Florida in the case of Gladfelter v. Loiselle, 165 So.2d 767. The appellant in the case now before this *869 Court was entitled to a jury trial on the question of the damages claimed by appel-lee.
Therefore, the judgment appealed is reversed and the cause is remanded for trial by jury on damages only.
ALLEN, C. J., and HOBSON, J., concur.