45284.  SING RECORDING COMPANY, INC. v.
LeFEVRE SOUND STUDIOS, INC.

Argued April 6, 1970—Decided July 10, 1970—
Rehearing denied July 29, 1970.

328

*Huie & Harland, Terrill A. Parker,* for appellant.

*Poole, Pearce & Cooper, Robert R. Smith,* for appellee.

QUILLIAN, Judge. 1. The appellant contends the trial judge erred in striking its answer which was not verified. The petition had attached an affidavit of the president of the plaintiff corporation stating the facts alleged in the petition were true. Thus, the plaintiff having met the requirements of *Code* § 81-401 the answer was subject to being dismissed.

2. The second enumeration of error assigns as error the overruling of the appellant's motion urging that the trial court reconsider its order striking the answer to the petition. The defendant argues that the defendant's counsel was incapacitated because of illness on the day of the hearing. However, there was no showing that the illness was such that it prevented counsel from notifying the court of his condition. *Sims v. Sims,* 135 Ga. 439 (2) (69 SE 545); *Green v. Whitehead,* 204 Ga. 274, 275 (49 SE2d 527).

The defendant also insists that omission to verify the answer was an amendable defect. With this we agree; however, no such amendment was offered between October 8, 1969, the date the motion to strike the answer was filed and a copy mailed to the defendant's attorney, and November 13, 1969, the date of the hearing on the motion.

The overruling of the motion to reconsider was not error.

3. Enumeration of error number 3 complains that the trial judge erred in granting the default judgment while a demand for a jury trial was pending. The Act of 1935 (Ga. L. 1935, pp. 500, 503) amending the statutes creating the Civil Court of Fulton County (formerly Municipal Court of Atlanta) provides: "A jury trial, once demanded by either party, shall not be waived except by written consent of the opposite party."

The record in the case sub judice shows that a demand for a jury trial was pending and no waiver by the defendant appears to have been filed. Under the holding in *Edwards v. Washington*

*Nat. Ins. Co.,* 101 Ga. App. 138 (2) (113 SE2d 178), the granting of the default judgment was error.

Counsel for the appellee contends that passage of the Civil Practice Act would make the above quoted statute inoperative. With this contention we cannot agree. *Code Ann.* § 81A-155 (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238) dealing with the taking of default judgments is substantially the same as *Code* § 110-401 as amended which was repealed by the Civil Practice Act.

The overruling of the motion for new trial was error.

*Judgment reversed. Bell, C. J., and Whitman, J., concur.*