**SHAW v. ODUM, et ux (No. 2).**

No. 5293.

Circuit Court, Lake County.

March 18, 1971.

Arthur F. McCormick, Miami, for plaintiff.

Sutton G. Hilyard, Jr., Orlando, for defendants.

W. TROY HALL, Jr., Circuit Judge.

This law suit sounds in negligence, arising out of an accident that allegedly occurred on April 15, 1969. The case came to issue, discovery was had and the plaintiff requested the clerk of the court to place it on the next sounding of the court's trial calendar. The court thereupon ordered the cause set for trial and simultaneously noticed a pre-trial conference for January 25, 1971. Copies of both the trial order and the notice of pre-trial conference were sent to the attorneys for the plaintiff and the defendants.

On January 25, 1971 at 3:30 P.M., the appointed date and time for the pre-trial conference, the attorney for the defendants appeared but neither the plaintiff nor her attorney appeared. The defendants thereupon made a motion to dismiss the plaintiff's complaint for said failure and the court, not having had any explanation for the plaintiff's said failure, granted the defendants' motion. This order of dismissal was signed on January 29, 1971. On February 10, 1971 the plaintiff filed a motion to vacate the order of dismissal, and as grounds therefor filed an affidavit signed by the plaintiff's attorney stating in essence that his failure to appear at the pre-trial conference was through no fault of his own.

The plaintiff's motion is founded in law upon Rule 1.540 of the Rules of Civil Procedure which provides for relief from an order in the event excusable neglect can be shown. It is the plaintiff's contention that her failure to appear at the pre-trial conference was through no fault of her own, but rather because of circumstances beyond her control which amount to excusable neglect, and, therefore, the order dismissing her suit should be vacated and the suit reinstated.

The defendants contended that the court had the power to enter the order of dismissal pursuant to Rule 1.200 of the Rules of Civil Procedure, which it did, and cited as authority therefor Bader Bros. Van Lines, Inc. v. Jay, App. 1966, 183 So.2d 867 — but did not offer any law as to why the order should not be vacated.

The court finds that the plaintiff and her attorney failed to appear at the pre-trial conference had in this cause and that said failure was precipitated because of the illness of the plaintiff's attorney's secretary, and her failure to properly calendar the pre-trial conference.

The court finds that the plaintiff's failure to appear at the pre-trial conference was through no fault of the plaintiff or her attorney but was from causes which amount to excusable neglect on the part of the plaintiff and her attorney.

Although counsel for the plaintiff is the plaintiff's agent, this did not justify a dismissal of the plaintiff's cause of action with prejudice because of the failure of counsel to attend the pre-trial conference. Bader Bros. Van Lines, Inc. v. Jay, supra.

The cause of action that gave rise to this litigation took place less than two years ago, and the plaintiff would, therefore, be entitled to re-file this case because the statute of limitations has not yet run on her cause of action. Without considering or taking into account the motion to vacate the order, the defendants, as a practical matter, would have nothing to gain by the tactical maneuver of having the plaintiff's case dismissed.

The plaintiff filed a motion to vacate the order of dismissal entered on January 29, 1971 and has shown to the satisfaction of the court that the plaintiff or her attorney failed to appear at the pre-trial conference through no fault of their own, but rather through excusable neglect.

The plaintiff has further demonstrated good faith by offering to pay the reasonable expenses and attorney's fees incurred by the defendants for the pre-trial conference as well as for the hearing on the motion to vacate the order of dismissal. Both the attorney for the plaintiff and the attorney for the defendants have agreed upon a reasonable fee to remunerate the defendants for expenses and attorney's fees. The amount agreed upon is $200.

It is accordingly ordered and adjudged that the order dismissing the plaintiff's complaint entered by this court on January 29, 1971 is hereby vacated, and it is further ordered and adjudged that the plaintiff shall pay to the defendants the sum of $200 as costs and attorney's fees.