### 47024. WALL v. MILLS.

EBERHARDT, Presiding Judge. Wall leased a house from Elrod on September 20, 1968, for two years, and vacated the property on February 2, 1970. The lease provided that "Lessee may at his option erect an outside fence covering all or any part of the lot herein leased. Lessee may remove the fence within the term of the lease if lessor and lessee cannot agree on satisfactory terms upon which said fence is to remain on the realty." Wall erected a fence on the property on or about October 7, 1968, and filed a materialman's lien in the clerk's office, Houston Superior Court, on April 29, 1970. Elrod conveyed the lot to Mills on August 24, 1970. On or about September 3, 1970, Wall commenced the present action

against Mills to foreclose the lien. Mills was served with a copy of the complaint on September 9, 1970. Dehors the record it appears to be undisputed that a bond to dissolve the lien was filed on September 8, 1970.

Wall appealed from the grant of an adverse summary judgment and interlocutory rulings, assigning error on (1) the failure to dismiss the defendant's answer for lack of timely verification, (2) the grant of summary judgment for the defendant, (3) the denial of summary judgment for the plaintiff, and (4) the grant of a protective order for the defendant in respect to answering the plaintiff's interrogatories. *Held:*

1. At a hearing on the motion to dismiss the defendant's answer for lack of verification the trial judge allowed the defendant ten days to amend, and within the time allowed the defendant amended to verify his answer. The plaintiff's contention that the trial judge should have dismissed the answer instead of allowing the plaintiff to amend is without merit. Although the result in *Sing Recording Co. v. LeFevre Sound Studios*, 122 Ga. App. 327, 330 (176 SE2d 657) turns on clearly distinguishable facts, it was expressly recognized in the case that the failure to verify, if required, is an amendable defect.

2. "The lien laws are in derogation of the common law and are to be strictly construed. One who claims a lien must bring himself clearly within the law. *Hawkins v. Chambless*, 116 Ga. 813, 814 (43 SE 55); *Mabry v. Judkins*, 66 Ga. 732." *Vandalsem v. Caldwell*, 33 Ga. App. 88 (2) (125 SE 716).

3. We are of the opinion that the special statutory lien for work done and materials furnished for the improvement of real estate (*Code Ann.* § 67-2001 (1)) was never intended and does not purport to cover the precise situation here involved, where a lessee under the terms of his lease has an option to erect a fence on the real estate, which he may remove if he and the lessor cannot agree on satisfactory terms for it to remain on the realty; but even if he were a materialman in erecting the fence, it is

undisputed that he completed the work on or about October 7, 1968, and filed no claim of lien until April 29, 1970. The statute specifically requires filing for record "within three months after the completion of the work." *Code Ann.* § 67-2002 (2). This, in our opinion, cannot be construed to mean, under the peculiar situation here involved, that the three-month period commenced not upon completion of the work, but at some later date when the lessee left the premises and failed to agree on satisfactory terms with the lessor for the fence to remain on the premises. Under the undisputed facts and as a matter of law the defendant was entitled to summary judgment.

4. The remaining contentions are without merit.

*Judgment affirmed. Deen and Clark, JJ., concur.*

SUBMITTED MARCH 9, 1972—DECIDED APRIL 11, 1972—REHEARING DENIED APRIL 25, 1972—

*Thomas H. Wall, III,* for appellant.

*Aultman, Hulbert, Cowart & Daniel, Edwin S. Varner, Jr.,* for appellee.

