360 So.2d 153 (1978)
EASTERN KOEX COMPANY, LTD., Appellant,
v.
BONANZA IMPORT AND EXPORT, INC., Appellee.
Nos. 77-186, 77-187 and 77-188.
District Court of Appeal of Florida, Third District.
July 5, 1978.
Brian R. Hersh, Miami, for appellant.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Carl L. Laks, Miami, for appellee.
Before BARKDULL and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
*154 CARROLL, Associate Judge.
The appellant, Eastern Koex Company, Ltd., filed an action against the appellee, Bonanza Import and Export, Inc., for damages for alleged breach of a contract for sale of merchandise. The defendant filed an answer incorporating a counterclaim for damages for alleged defects in the purchased merchandise. In the answer and counterclaim the defendant demanded jury trial on all issues in the action. Pursuant to a consent order the defendant filed an amended counterclaim, in which such demand for a jury trial was repeated. The plaintiff, through counsel, moved to dismiss and to strike the amended counterclaim. Before hearing thereon plaintiff's counsel withdrew. Thereafter the court denied plaintiff's motions and granted plaintiff twenty days within which to answer the amended counterclaim. When plaintiff failed to file an answer within the time allowed, the defendant moved for entry of default on the amended counterclaim, and a default order was entered. Also, an order was entered dismissing plaintiff's complaint for failure of the plaintiff to file a non-resident cost bond.
A notice was given to plaintiff of a setting of the cause for non-jury trial on the unliquidated damages claimed in the amended counterclaim. The non-jury trial on damages was held, at which the counterdefendant was not present. For proof the counterclaimant filed an affidavit. Judgment on the counterclaim was entered against the counterdefendant, Eastern, for damages in the amount of $21,204.77, with provision for execution to issue.
Plaintiff learned of the judgment when execution was sought, and thereafter filed a motion, with which an answer was submitted, seeking to vacate the default on certain stated grounds, and moved under Florida Rules of Civil Procedure 1.540(b) to have the judgment set aside for failure of the trial on damages to have been held before a jury. Those motions of the counterdefendant came on for hearing before an alternate judge while the judge who had entered the default and judgment was absent on vacation. The judge who heard the matter denied the plaintiff's motion to vacate the default, but granting the motion to set aside the judgment ordered that the judgment be set aside, and as grounds for that ruling stated: "The court finds that the motion has merit and the final judgment, as was entered, is in violation of the plaintiff's right to a proper trial by jury with substantial competent evidence." In that order the court required the defendant to file a bond in the amount of $15,000.00.
After return of the first judge from vacation, the counterclaimant moved to vacate the order by which the judgment had been set aside. After hearing thereon the court entered an order vacating the prior order which set aside the judgment, except for the provision therein requiring the posting of a bond, and the court made provision for the filing of an additional $7,000 bond by the counterdefendant in the event of appeal by the latter. Eastern appealed.
The order vacating the final judgment, which had been entered on a non-jury trial on issues relating to the unliquidated damages, was eminently correct, on authority of Loiselle v. Gladfelter, 160 So.2d 740 (Fla. 3d DCA 1964); Bader Bros. Van Lines, Inc. v. Jay, 183 So.2d 867 (Fla. 2d DCA 1966); and Grappell v. Lauderdale River Park Estates, 126 So.2d 574 (Fla. 3d DCA 1961). We hold, as contended for by appellant, that the subsequent order appealed from, which vacated the order that set aside the judgment, was error.
Loiselle v. Gladfelter, supra, was an action for damages for personal injuries, in which the plaintiff made a timely demand for jury trial. A default was entered against the defendant for failure to timely plead in response. Thereafter a non-jury trial was held on the unliquidated damages, at which the defendant did not appear. Judgment for damages was entered against the defendant. After denial of motion for new trial for failure of the trial on damages to have been held before a jury, the defendant appealed. In reversing, this court made reference to Florida Rules of Civil Procedure 2.1 (now 1.430), subparagraph (d) of *155 which provides: "A demand for trial by jury may not be withdrawn without the consent of the parties", and held that the plaintiff's withdrawal or waiver of the demand for jury trial would not operate to defeat the right of the defendant to jury trial on damages without his agreement thereto; that absence of the defendant from the trial on damages did not constitute waiver by the defendant of his right to jury trial on the issues relating to damages; and that notwithstanding the entry of a default against the defendant, the trial on damages should have been before a jury. This court certified that decision to the Supreme Court as being one involving a question of great public interest. The Supreme Court, in discharging certiorari, stated: "After further consideration thereof, we hold that the opinion of the District Court, supra, properly disposes of the questions of law presented and is approved by this court." See Gladfelter v. Loiselle, 165 So.2d 767 (Fla. 1964).
The denial of Eastern's motion to set aside the entry of a default for its failure to answer is affirmed. For the reasons stated, we reverse the order entered on December 20, 1976 vacating the prior order of August 23, 1976 which set aside the judgment entered on the non-jury trial on damages, which latter order is hereby reinstated; and the cause is remanded for a new trial before a jury on damages.[1]
NOTES
[1] When a default has been entered against a defendant and trial is to be had on claimed unliquidated damages, a defendant's right to trial thereof by a jury as previously demanded is preserved under Florida Rules of Civil Procedure 1.500(e), but notice of such trial on damages is not required to be given to the defaulted defendant except as the trial court may determine that notice shall be given under the cited rule. See Stevenson v. Arnold, 250 So.2d 270 (Fla. 1971). Therefore, it would appear to be incumbent on a defaulted defendant to obtain an order for notice of damage trial or, failing in that, to ascertain the time for such hearing in order to attend and participate therein. The recognition that under the rules a defaulted party may attend and be permitted to participate in a trial on damages, but that such party is not entitled to be given notice of trial, represents a legal paradox inviting recollection of a particular assessment of "the law" which was made by a character in Dickens' "Oliver Twist".