[Civil No. 4311. Filed January 19, 1942.]

[121 Pac. (2d) 426.]

PERRY A. YEAST, Also Known as P. A. YEAST, Appellant, v. C. L. FLECK, WALTER J. FLECK and LESTER J. FLECK, Appellees.

Mr. E. Elmo Bollinger, for Appellant.

Mr. Elmer C. Coker and Mr. J. Hubert Smith, for Appellees.

ROSS, J.—The plaintiffs, C. L. Fleck, Walter J. Fleck and Lester J. Fleck, obtained a judgment against defendant Perry A. Yeast, quieting their title to certain waters, alleged to be running waters and appropriable, and to certain easements over public lands to carry said waters to their millsites and mines for mining, milling and domestic purposes. From this judgment, Yeast has appealed.

It is alleged in the complaint that said waters have their source on school Section 36, Township 29 North, Range 17 West, G. & S. R. B. & M., Mohave County, Arizona, and were originally appropriated in 1884 by one Patterson, to whose rights plaintiffs have succeeded by a regular chain of title.

The action was also against The State of Arizona and Ben F. Griffith. On the day of trial (May 14, 1940) the action was dismissed as to Griffith. The State of Arizona filed an answer, to which we shall later refer.

It appears that Yeast, when served with summons or soon thereafter, employed Carl D. Hammond, of Kingman, as his attorney and, while no answer by Yeast was ever filed, his attorney, at least two different times, filed and argued motions to make the complaint more definite and certain in some of its allegations and that such motions were granted. There is a stipulation in the record, signed by attorneys for plaintiffs and by Hammond as attorney for Yeast, giving the latter until February 1, 1940, to file

an answer to the "second amended complaint," the one on which the case was tried. No such answer nor any other pleading of any kind was ever filed by Yeast until after judgment was ordered. On January 23, 1940, Hammond withdrew from the case with the court's approval. While Yeast was present at the beginning of the trial and was put on the witness stand and cross-examined as an adverse witness, he took no part in the trial. Upon inquiry from the court as to whether he had an attorney, Yeast answered: "No, I haven't; I didn't know I needed one. I ain't ready for any trial." And as soon as he was excused as a witness by defendant, he left the court room and did not return. The plaintiffs asked that default judgment be entered against said defendant for not answering the second amended complaint within the time stipulated by the parties. The court expressed doubt of its right to enter the default judgment, no notice thereof having been given Yeast as provided in section 21–1206, Arizona Code 1939 (Rule 55 (b), Rules of Civil Procedure), but ordered it entered. Upon further discussion between court and counsel, plaintiffs moved that the order granting default or default judgment be set aside, which was done. The case then proceeded to trial on its merits. Plaintiffs put defendant on the witness stand as an adverse witness and examined him and one of the plaintiffs was sworn and testified, and certain documentary evidence was introduced. In other words, the case was tried as though the defendant was present and contesting the litigation.

The defendant now contends that the court was without jurisdiction to proceed as it did without giving a three-day notice to defendant as provided by statute. Section 21–1205 makes it the duty of the clerk to enter a party's default when he "has failed

to plead or otherwise defend'' and that fact appears by affidavit or otherwise. The next section (21–1206) provides that if the party against whom a default judgment is sought ''has appeared in the action'' he shall be served with written notice of the application for judgment at least three days prior to the hearing of such application. Since there was an appearance in the action by Yeast, no default judgment could be entered against him until he was served with the three-day written notice and given an opportunity to be heard thereon.

■ Plaintiffs, however, contend that section 21–1206 has no application to the situation here for the reason that the case was tried on its merits at the time it was set for trial, and defendant was personally present at such trial. Certainly under the facts plaintiffs were entitled to a default for failure to answer, and to a default judgment upon giving the proper notice as provided by the stattute, but we hardly think that it was mandatory that they follow that procedure. They might have waived the defendant's failure to answer, 31 American Jurisprudence 127, section 510, and that is what they did when they proceeded to introduce their evidence as though defendant was present in court and had announced read for trial. So, we conclude that this contention is not well taken.

One of the grounds upon which defendant seeks relief from the judgment is that his failure to appear and defend said action was excusable negligence. In support of such ground, he filed his affidavit on May 27, 1940, in which he shows that for two years before the trial he had a grazing lease on said Section 36 from the State of Arizona; that he owned improvements thereon used in connection with his stock raising and had been informed that the state owned

the waters on said section and that his rights as lessee

"would be protected because of the ownership of the state; affiant was also informed by Mr. W. E. Polley, Assistant Attorney General, that if anyone else could claim the water that the state had the authority under the law to sell Section 36 and compel the purchaser to pay the affiant for his improvements; that affiant believed and was of the opinion that under the circumstances he did not need the services of an attorney and that there was no necessity for him to spend additional money for the services of an attorney; that he did not file an answer in said case believing that the state owned the water without question and that there was no danger of his losing the pipe line which he had purchased and installed; . . .. "

This presents this situation: The defendant's landlord, the State of Arizona, and the defendant as codefendants in an action to quiet title to certain waters and rights-of-way on land owned by the state and by the state leased to defendant. Under such circumstances, it would seem that a successful defense by the state would inure to the benefit of the defendant. The rule is thus stated, in 31 American Jurisprudence 127, section 511:

" . . . The question whether a successful defense by some of several codefendants may inure to the benefit of a defaulting defendant is dependent upon the nature, scope, and extent of the defense interposed by the answering defendants, and to some extent upon the joint or several nature of the right asserted. The courts are agreed with practical unanimity that in actions against several defendants jointly, where the defense interposed by the answering defendant is not personal to himself, but common to all, as where it goes to the whole right of the plaintiff to recover at all, as distinguished from his right to recover as against any particular defendant, or where it questions the merits or validity of the plaintiff's en-

tire cause of action or his right to sue, such defense if successful inures to the benefit of the defaulting defendants, with the result that final judgment must be entered not merely in favor of the answering defendant, but also in favor of the defaulting defendants. In some cases, the courts, in holding that a successful defense by some of the codefendants inures to the benefit of the defaulting defendant, do so on the ground that the right asserted or the liability claimed as against the defendants was joint, without consciously considering the nature of the defense interposed, although in most of these the defense in fact went to the right of the plaintiff to recover at all, or to the merits of his cause in general. . . . ''

The state's answer, omitting formal parts, is as follows:

''I. Alleges that this answering defendant is the owner, in fee, of all of Section 36, Township 29 North, Range 17 West, G. & S. R. M., in Mohave County, Arizona.

''II. Alleges that if plaintiffs have placed a pipe or a pipe line on and across the above described real estate, or any part thereof, it has been done without the knowledge, permission or consent of this answering defendant.

''III. Denies that there is a definite underground stream of water, flowing between well defined banks having its source in the upper regions of the western slope of Grand Wash Cliff Mountains which plaintiff or his predecessors in interest could have appropriated or can appropriate by tapping and driving a tunnel or shaft into the ground on the S½ of Section 36, Township 29 North, Range 17 West.

''IV. Alleges that if plaintiff or his predecessors carried or now carry water by means of a pipe line to a ranch and corrals located on the NW¼ of Section 36 and used said water for livestock and domestic purposes it has been done without the knowledge and consent of this answering defendant and its predecessor in interest, the United States of America.

''V. Alleges that if plaintiff or his predecessors caused any pipe or pipe line to be placed upon said

real estate, or if any wells were sunk upon said real estate owned by this answering defendant it was done without any right on the part of plaintiff and his predecessors in interest and if plaintiff did the acts which he claims, it is not a right which plaintiff can claim as a valid and subsisting right and one which is recognized or reserved by law.

"VI. Denies that the waters of any wells situated upon the real estate of this answering defendant are from known independent subterranean streams or that said waters are from any surface stream and flow within well defined and known channels, the courses of which can be distinctly traced, or that said waters are subject to appropriation for beneficial use.

"VII. Alleges that it is the owner of all wells sunk upon its real estate described as all of Section 36, Township 29 North, Range 17 West, G. & S. R. M., or any improvements thereon.

"VIII. Denies each and every allegation in said complaint not herein specifically admitted."

█ While perhaps it was the duty of defendant Yeast, as lessee, to defend, at his own expense, his rights in the leased premises, we think he also had a right to rely upon his landlord's answer when the latter was joined with him as a defendant. If the state should have established with proof the allegations of its answer, it would necessarily establish Yeast's right to the leased premises and defeat plaintiffs.' We think defendant Yeast, as a matter of fact, depended upon the Attorney General to present the state's case and to protect his title and that it was for that reason that he dispensed with the services of Mr. Hammond as his attorney. This is reflected in his answer to the court, when the latter inquired of him whether he had an attorney, and also in his affidavit in support of his motion for relief from the judgment. It appears that he is a layman, 80 years old and partially deaf, yet no voice of warning was given him. At that very time, however, it appears

probable that there was an understanding between counsel for plaintiffs and the Attorney General that the relief would be limited to a judgment quieting plaintiffs' title against Yeast, for near the close of the trial it was agreed by such counsel that when judgment against Yeast became final "the cause of action against the state would be dismissed with prejudice" and later this agreement was reduced to writing and signed by such counsel and approved by the following order of the court:

"Upon the above written stipulation of J. Hubert Smith and Elmer C. Coker, attorneys for C. L. Fleck, Walter J. Fleck, and Lester J. Fleck, the plaintiffs in the above entitled action, and W. E. Polley, Assistant Attorney General of the State of Arizona, attorney for the defendant, State of Arizona, the above entitled cause of action against the defendant State of Arizona be and the same is hereby dismissed with prejudice.

"DONE in open court this 11th day of May, 1940.
"J. W. Faulkner
"Judge."

(Note: The minutes show the order was signed and ordered entered on the 11th day of *June,* 1940, and not May.)

We do not intend to be understood as intimating that we think any undue advantage was purposely taken of Yeast but it seems to us that this lone layman might have been misled, to his great disadvantage, by the abandonment of its defense by the state, with no intimation thereof given to the defendant in advance.

Under the circumstances, it seems to us defendant's failure to file an answer or to offer evidence in support of the state's answer was excusable negligence, and that the judgment should have been vacated and set aside on defendant's motion and de-

fendant permitted to file an answer and introduce his evidence in support thereof.

The judgment is reversed and the cause remanded with directions that further proceedings be had in accordance herewith, conditioned upon defendant's paying the costs of this appeal.

LOCKWOOD, C. J., and McALISTER, J., concur.