395 P.2d 527

**Nicholas COULAS, Appellant,**

**v.**

**Paul J. SMITH and William J. Bray, Jr., Appellees.**

**No. 7279.**

Supreme Court of Arizona.

En Banc.

Oct. 1, 1964.

Johnson, Darrow, D'Antonio, Hayes & Morales, Tucson, for appellant.

Richard H. Goetz and Jo Ann Diamos, Tucson, for appellee Bray.

Lester J. Hayt and Donald F. Watson, Phoenix, for appellee Smith.

UDALL, Chief Justice.

This is an appeal from an order of the Superior Court of Pima County, denying a motion to set aside a judgment entered against the appellant.

The appellant and appellees will be referred to herein as they appeared in the lower court, the appellant as defendant and the appellee, Smith, as plaintiff and the appellee, Bray, as cross-claimant.

The plaintiff filed a complaint against the defendant and cross-claimant on two counts. The first count was for $669.32 on an open account. The second count was on a promissory note upon which $3,666.67 was alleged to be due. The cross-claimant answered individually by his attorney and denied any liability to the plaintiff on either count and thereafter filed a cross-claim against the defendant in which he sought judgment against the defendant for any sums or amounts which the plaintiff may obtain against him by virtue of the judgment; for the sum of $4,000 on a debt alleged to be owed by the defendant to him, and $500 attorney's fees. The defendant appeared individually by his attorneys and answered the complaint of the plaintiff, answered the cross-claim of the cross-claimant, and counterclaimed against the plaintiff, seeking damages in the sum of $18,000. The plaintiff replied to the defendant's counterclaim.

On July 11, 1958, the lower court made an order setting the case for trial on October 10, 1958. All counsel were notified by the clerk of the court. On October 6, 1958, counsel for the plaintiff and counsel for the cross-claimant stipulated that the trial be set for December 10, 1958. The lower court ordered that the prior trial date be vacated and the case be reset for trial on December 10, 1958. All counsel were regularly notified by the clerk of the new trial setting. The defendant's counsel was not present before the court on October 6, 1958, and did not participate in the stipulation vacating the original trial setting and resetting the case for trial on December 10, 1958. The defendant and defendant's counsel deny ever receiving any notice from the clerk concerning the new trial date.

On December 10, 1958, the new trial date, the case came on regularly to be heard. The defendant did not appear either in person or by counsel. The court made the following minute entry during the course of the trial:

" * * *

"The plaintiff Smith and the defendant Bray announce ready for trial.

"William J. Bray is sworn, cross-examined, and examined.

"Plaintiff's Exhibit 1, being a promissory note in the sum of $4,000.00 dated February 14, 1955, is marked for identification and admitted in evidence.

"Nicholas Coulas having failed to appear at this time either in person or by counsel, and it further appearing that this case was previously set for trial both as to the issues framed by the complaint and answer thereto of the defendant Nicholas Coulas and as to the cross-claim filed by the defendant William J. Bray, Jr., against the defendant Nicholas Coulas,

"IT IS HEREBY ORDERED that the default of the said defendant Nicholas Coulas be entered as to said complaint and as to said cross-claim and the court proceeding to hear evidence pertaining to said complaint and cross-claim and being fully advised in the premises,

"IT IS THEREFORE ORDERED that judgment is hereby rendered * * against the defendant Nicholas Coulas * * *."

The plaintiff obtained judgment against the defendant on both counts and against the cross-claimant as to count two (the promissory note). The cross-claimant obtained judgment against the defendant on the promissory note. The judgment was entered on December 11, 1958.

On October 29, 1960, nearly two years later, the defendant filed a motion to set aside and vacate the judgment. The trial court denied this motion. The minute entry states:

"* * *

"The motion to set aside and vacate judgment having been duly argued and taken under advisement, it is felt that the provisions of Rule 55(b) of the Rules of Civil Procedure of the State of Arizona do not apply. This case was set for trial on proper notice on December 10, 1958; counsel for the moving party, Nicholas Coulas, was duly notified by minute entry of the date of the trial setting; the minute entry made at the time of the trial indicates that the matter came on as a regular trial, therefore,

"IT IS ORDERED that the motion to set aside and vacate judgment is denied. * * *"

The defendant subsequently filed this appeal.

The defendant contends that the "default" judgment entered against him was void, since he did not receive 3 days' notice of the application for judgment by default pursuant to Rule 55(b) of the Arizona Rules of Civil Procedure, 16 A.R.S., relying on the case of Phoenix Metals Corporation v. Roth, 79 Ariz. 106, 284 P.2d 645 (1955). The defendant's contention would be valid if the judgment below was a judgment by default. A default judgment obtains when a defendant fails to plead or otherwise defend. Rule 55. If he has made an appearance in the case, he must be given 3 days' notice of application for judgment by default. Rogers v. Tapo, 72 Ariz. 53, 230 P.2d 522 (1951); Yeast v. Fleck, 58 Ariz. 469, 121 P.2d 426 (1942); Annot., 51 A.L.R.2d 837 (1957).

■ However, the defendant's contention is invalid here since the judgment below was not a default judgment. It should be noted that the defendant did plead to the merits. He answered the complaint and filed a counterclaim. He then failed to appear at the trial in person or by counsel. The trial proceeded, evidence was heard, and a judgment on the merits of the plaintiff's and counter-claimant's claims was entered. The judgment was not by default within the meaning of Rule 55. Therefore Rule 55(b) with its 3-day notice requirement is not applicable. In fact, the trial court would have erred if a default was entered, since the case was at issue. Bass v. Hoagland, 172 F.2d 205 (5th cir. 1949) cert. denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949); Olsen v. International Supply Co., 17 Alaska 643, 22 F.R.D. 221 (D.C.Alaska 1958); Klein v. Rappaport, D. C.Mun.App., 90 A.2d 834 (D.C.1952); Moore's Federal Practice, Sec. 55.03, n. 2 (1962 Cumulative Supplement). Also see Archawski v. Hanioti, 239 F.2d 806 (2nd cir. 1956) and Aetna Securities Co. v. Sickels, 120 Ind.App. 300, 88 N.E.2d 789, 90 N.E.2d 136 (1949).

The following language is from Bass v. Hoagland, supra, cited with approval in Phoenix Metals Corporation v. Roth, supra, concerning the applicability of Rule 55:

"Rule 55(a) authorizes the clerk to enter a default 'When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules.' This does not require that to escape default the defendant must not only file a sufficient answer to the merits, but must also have a lawyer or be present in court when the case is called for a trial. The words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits. *When Bass by his attorney filed a denial of the plaintiff's case neither the clerk nor the judge could enter a default against him. The burden of proof was put on the plaintiff in any trial. When neither Bass nor his attorney appeared at the trial, no default was generated*; the case was not confessed. The plaintiff might proceed, but he would have to prove his case." 172 F.2d p. 210 (emphasis added).

And note this language from Klein v. Rappaport, supra:

"A more serious question is whether the trial court could properly enter a judgment by default on the then state of the record. It must be remembered that defendant had not defaulted in pleading. She had filed an answer and a counterclaim. Plaintiff having replied to the counterclaim, the case was at issue not only on the original claim but on the counterclaim as well. With the litigation in that posture and the judge having decided that there should be no further continuance, he should have proceeded to take proof and enter judgment on the merits. It was not proper to enter a judgment by default. *Absence of a defendant when a case is called for trial after it is at issue does not warrant a judgment against him by default,* but a trial or hearing on the issues is necessary and the judgment which follows is based on the proof adduced. * * *

"Recent federal decisions have taken the same position." (citing authorities). 90 A.2d p. 835 (emphasis added)

 The defendant relies heavily on the case of Phoenix Metals Corporation v. Roth, supra, and particularly the language on page 109 of 79 Ariz., on page 647 of 284 P.2d:

"Under the provisions of this rule [Rule 55], no judgment by default may

be entered against a defendant who has appeared—as by timely filing an answer—unless he is given notice of the application for judgment."

To the extent the above language implies that a default judgment is proper where a defendant has answered to the merits, it is incorrect. The peculiar fact situation in that case made the above language somewhat misleading. In the Phoenix Metals Corporation v. Roth case, supra, the defendant had filed an answer in fact, but through clerical error the answer was attached to the wrong file and thus it appeared that the defendant had failed to answer and upon application to the clerk the default was erroneously entered and judgment granted thereon. This court held that judgment wholly void. It should therefore be stated that once an answer on the merits is filed and the case is at issue, a default judgment is not proper, and if the defendant fails to appear at the trial a judgment on the merits may be entered against him upon proper proof.

■■ The defendant also contends, although he does not support this contention, that the stipulation between counsel for the plaintiff and the cross-claimant to reset the trial date to December 10, 1958, and the subsequent order by the court to such effect was error since he did not participate and was therefore not bound by the stipulation. This contention is without merit.

The setting of the trial date is a proper function of the trial court. Rule 40, Arizona Rules of Civil Procedure. The defendant was notified of this change in the trial date and he had ample opportunity to appear and object. A party cannot ignore the order of the court and lie in wait and pick his time and place to attack the order. See Hewins v. Weiler, 44 Ariz. 309, 32 P.2d 799 (1934).

■ The contention of the defendant that he did not receive notice of the new trial date is not substantiated by the minutes. The record indicates that the clerk of the superior court notified all counsel of all of the orders and judgment pursuant to Rule 77(h), Arizona Rules of Civil Procedure. It is well settled that in the absence of a showing to the contrary a public officer, such as the clerk of the court in this case, is presumed to have performed the duty imposed upon him by law. Rim Group v. Mountain Mesa Uraniun Corp., 78 Wyo. 204, 321 P.2d 229, 323 P.2d 939 (1958). In addition, if the defendant's counsel did not receive the notice of the change of the trial date to December 10, 1958, he certainly would have learned of the change in the trial date when he appeared for trial on the earlier date, October 10, 1958.

■ Since the judgment of the lower court is merely voidable, at most, Rule 60(c) of the Arizona Rules of Civil Procedure

prevents the defendant from attacking the judgment more than six months after it was entered. The defendant attempted to attack the judgment nearly two years after it was entered. See State v. McCarrell, 80 Ariz. 240, 295 P.2d 1086 (1956). The lower court properly denied defendant's motion to set aside and vacate the judgment.

Judgment affirmed.

LOCKWOOD, V. C. J., and STRUCK-MEYER, BERNSTEIN and SCRUGGS, JJ., concur.