{¶ 24} The majority reverses this case on the grounds that (1) the trial court lacked authority to convert a motion for default judgment into a motion for summary judgment; (2) the trial court failed to notify appellant, Thomas Zidow, that the court was converting the motion for default judgment into a motion for summary judgment; (3) and the trial court failed to notify Zidlow that he would have one month to present evidence contra the motion for summary judgment. Since appellee, Commercial Investment Associates, has established through uncontroverted evidence that it is entitled to judgment as a matter of law, the decision of the court below should be affirmed.
 {¶ 25} A default judgment may be entered against defendant who fails to "plead or otherwise defend." Ohio Valley RadiologyAssoc. v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118,120, citing Civ.R. 55. "[O]nce an answer on the merits is filed * * *, default judgment is not proper." Mitchell v. Rogers (Jan. 12, 1978), 8th Dist. No. 36652, 1978 Ohio App. LEXIS 9386, at *4, citing Coulas v. Smith (Az. 1964), 395 P.2d 527, 530.
 {¶ 26} In contrast, a plaintiff may move for summary judgment "at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party." Civ.R. 56(A). Generally, this means a plaintiff is entitled to move for summary judgment twenty-eight days after service of summons and complaint, i.e., the time a defendant is allowed to answer. Civ.R. 12(A)(1). It does not mean that an answer must be filed before a plaintiff may be granted summary judgment. See 1970 Staff Notes to Civ.R. 56 ("Under Rule 56(A) claimant may move for summary judgment after twenty-eight days from the commencement of the action — normal answer times established by Rule 12(A)(1) — or at any time after the opposing side has moved for summary judgment. Thus unlike the current practice [prior to the adoption of the Civil Rules in 1970], there is no requirement that an answer or reply be filed to put the case at issue.").
 {¶ 27} Therefore, the fact that Zidow has failed to answerdoes not "require default judgment rather than summary judgment."
 {¶ 28} The majority also holds that "there is no evidence that [Commercial Investment] made an oral motion for summary judgment against [Zidlow]." I disagree. That Commercial Investment sought summary judgment against Zidlow is well-attested by Zidlow's November 21, 2002 Motion for Additional Time for Discovery. This motion, made "pursuant to Ohio Civil Rule 56 (F)[,] requests * * * additional time in which to complete discovery necessary to oppose plaintiff's motion for summary judgment." This motion further asserts that "Zidlow must seek more formal discovery from plaintiff in the form of interrogatories and depositions" and that, "[w]ithout this additional information * * *, defendants can not fully or adequately respond to the motion for summary judgment submitted by plaintiff." Accordingly, the record demonstrates that Zidlow was fully conscious that a motion for summary judgment was pending against him.[2]
 {¶ 29} The only issue before this court is whether the trial court properly granted summary judgment in favor of Commercial Investment. In support of judgment, Commercial Investment submitted the affidavit of Jeffrey M. Dreyer, vice president and general manager of Commercial Investment. Attached to Dreyer's affidavit, were authenticated and certified copies of the loan and security agreement between Commercial Investment as "Lender" and Zidlow as "Guarantor" of the loan and the ledger demonstrating the loan to be in default in the amount of $10,975.65. Pursuant to Civ.R. 56(C), Zidlow had fourteen days in which to respond to Commercial Investment's motion. In the present case, Zidlow was given over two months to respond. As the trial court noted in its entry granting judgment, it was "hesitant to award summary judgment * * * as Zidlow * * * has suggested that some payments may have been made * * *. However, none of the defendants have provided the court with any documentation of any such payments. The defendants cannot remain silent in the face of plaintiff's summary judgment motion, and the court cannot delay its decision further."
 {¶ 30} For the foregoing reasons, Commercial Investment was entitled to judgment as a matter of law and the trial court did not err in awarding judgment. Accordingly, I respectfully dissent.
[2] Zidlow never propounded "more formal discovery" to Commercial Investment and the trial court never ruled on Zidlow's Civ.R. 56(F) motion. Two months passed, however, before the trial court granted summary judgment, during which time Zidlow took no action to obtain discovery or to submit any evidence to the court in opposition to summary judgment. We also note that Commercial Investment responded to Zidlow's Civ.R. 56(F) motion by voluntarily filing with the court discovery materials previously given to defendant Amy Dean.