NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

JENNIFER MLADICK, *Plaintiff/Appellee*,

*v.*

JAVAN BERRY, *Defendant/Appellant*.

No. 1 CA-CV 23-0324
FILED 12-17-2024

---

Appeal from the Superior Court in Maricopa County
No.  CV 2022-006033
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

## VACATED AND REMANDED

---

APPEARANCES

Rudolph & Hammond, LLC, Scottsdale
By Kurt E. Hammond
*Counsel for Plaintiff/Appellee*

Javan Berry, Eloy
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Michael J. Brown and Judge Daniel J. Kiley joined.

---

**W I L L I A M S**, Judge:

¶1          After the superior court entered a civil default judgment against Javan Berry, he moved to set it aside. The court denied his motion and Berry appealed. For the following reasons, we vacate the default judgment and remand.

## FACTUAL AND PROCEDURAL HISTORY

¶2          In 2021, Berry was convicted of manslaughter and sentenced to 10.5 years imprisonment. The following year, the victim's surviving spouse, Jennifer Mladick, sued Berry in the superior court for the wrongful death of her husband. A process server filed a certificate of service with the clerk of the court avowing he personally served Berry the summons and complaint at the correctional facility where Berry is imprisoned.

¶3          When Berry failed to timely answer the complaint, Mladick applied for a default judgment against him. Mladick filed her application on October 14, 2022. Seven days later, on October 21, 2022, Berry filed a response objecting to Mladick's application for default. In it, Berry alleged he was never served the summons or complaint and that Mladick's application for entry of default was the first Berry learned of the lawsuit. The court scheduled a default hearing for December 8th.

¶4          It is not clear from the record who participated in the default hearing, what evidence, if any, was presented, or what findings the court expressly made at the hearing. And nothing in the record confirms the court was aware of Berry's written objection to Mladick's application for default since the court never acknowledged or referenced it. In any event, Mladick provided the court with a form of judgment, which the court endorsed. Included in the court's judgment were findings that Berry (1) "was duly served with a copy of the Summons and Complaint," and (2) had "failed to answer or to otherwise appear" in the matter. The court awarded Mladick five million dollars in damages.

2

**¶5**          Berry moved the court to set aside the default judgment under Arizona Rule of Civil Procedure ("Rule") 60. Berry maintained, among other things, that he was never served the summons or complaint. In response, Mladick argued the process server's certificate of service was evidence Berry had been served.

**¶6**          In an unsigned order, the superior court denied Berry's motion. Berry appealed. Because the court's order (1) was unsigned and (2) did not contain the necessary Rule 54(c) finality language, this court stayed the appeal and remanded the matter to the superior court to correct its order.

**¶7**          In December 2023, the superior court added its signature to the order, but again failed to include Rule 54(c) finality language. Berry continued his efforts to obtain Rule 54(c) finality language so that the stay in this court could be lifted. In May 2024, the court added the requisite Rule 54(c) language to its order. This court then lifted the stay. We now have jurisdiction to decide the appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶8**          Berry raises several arguments on appeal, but one is dispositive. We review for an abuse of discretion the superior court's decision to affirm or set aside a default judgment. *Daou v. Harris*, 139 Ariz. 353, 359 (1984). We review *de novo* whether a judgment is void. *BYS Inc. v. Smoudi*, 228 Ariz. 573, 578, ¶ 18 (App. 2012). A court abuses its discretion when it fails to set aside a void judgment. *Master Fin., Inc. v. Woodburn*, 208 Ariz. 70, 74, ¶ 19 (App. 2004) (explaining a court "must vacate" a void judgment).

**¶9**          Rule 55(a)(1) allows an entry of default where a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A "default [does] not become effective if the party claimed to be in default pleads or *otherwise defends . . . within 10 days* after the application for entry of default is filed." Ariz. R. Civ. P. Rule 55(a)(5) (emphasis added). To "otherwise defend" under Rule 55 includes challenging whether service of process was completed. *Coulas v. Smith*, 96 Ariz. 325, 329 (1964) (quoting *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949) (explaining that "[t]he words '*otherwise defend*' refer to attacks on [] service [of process] . . . and the like, which may prevent default without presently pleading to the merits.") (emphasis added)).

**¶10** In other words, once a defendant timely raises a claim that he was not properly served, a plaintiff's application for entry of a default judgment becomes ineffective and no default judgment should be entered. If the court nevertheless enters a default judgment, that judgment is void. *See Corbet v. Superior Court*, 165 Ariz. 245, 247 (App. 1990) ("Because the entry of default in this case was improper, [] any resulting default judgment would be void."); *see also Ruiz v. Lopez*, 225 Ariz. 217, 223, ¶¶ 21, 23 (App. 2010) (affirming superior court's order vacating a default judgment because the entry of default was ineffective, rendering the default judgment void).

**¶11** After Mladick filed her application for entry of default and mailed Berry a copy, Berry timely defended the application by filing his objection and response within ten days, attacking service of process. Ariz. R. Civ. P. 55(a)(5); *see Coulas*, 96 Ariz. at 329. Berry's actions ensured the "default [would] not [] become effective." Ariz. R. Civ. P. 55(a)(5). Because the superior court nonetheless entered a default judgment after Berry timely defended Mladick's application for entry of default, that judgment is void. The superior court erred by denying Berry's motion to set aside the void judgment.

## CONCLUSION

**¶12** We vacate the superior court's default judgment and remand for further proceedings.

