Harry W. OLSEN, Plaintiff,

v.

INTERNATIONAL SUPPLY CO., a cor- poration, R. C. Wright, also known as Bob Wright, also known as Robert C. Wright, Defendants.

No. A–8585.

District Court, Alaska,
Third Division, Anchorage.

July 21, 1958.

Albert Maffei, Anchorage, Alaska, for plaintiff.

Donald A. Burr, Arnell & Burr, Anchorage, Alaska, for defendant Robert C. Wright.

McCARREY, District Judge.

This case was originally tried by the court sitting without a jury after the defendant had requested a jury trial under Rule 38, Fed.Rules Civ.Proc., 28 U.S.C.A. and was an action for wages due and owing the plaintiff and allegedly wrongfully withheld by the defendant. Judgment was for plaintiff and was entered in May of 1956.

The defendant, Robert C. Wright, has now filed a motion to set aside the " * * void judgment and for other relief" for the reason that the judgment was entered in violation of the Fifth and Seventh Amendments to the United States Constitution, and for the further reason that the judgment was entered in violation of Rules 38, 39 and 55(b)(2) of the Fed.R. Civ.P. Two questions of law are to be determined by this court based upon this motion:

a. Does a party to a proceeding who has made application for a jury trial, in conformance with Rule 38 of the Fed.R. Civ.P., waive his right to trial by jury under the Constitution of the United States and the rules, in a civil case, when he fails to appear at the time set down for trial?

b. After a defendant has appeared by way of answer and counterclaim, can the defendant be defaulted if he fails to appear at the time the case is set down for trial?

No useful purpose would be served by a recitation of the facts leading up to the date of the trial in this case, based upon the decision announced herein, other than to state that the defendant personally failed to appear at the time his case was set down for trial, although his counsel was present, and, finding that his client failed to show, moved the court for an order allowing him to withdraw as counsel to the case for the reason that he was unable to contact his client. This motion was granted.

So far as I am able to find in the law, the answer to the first question has never been determined by way of decision under Rule 39 of the Fed.R.Civ.P., although legal commentators infer that a party may waive his right of trial by jury by failing to appear at the time of the trial. 5 Moore's Federal Practice, 173–175. It is to be noted that in the case in which the author's comments were made (Bass v. Hoagland, 5 Cir., 1949, 172 F.2d 205, 210) the attack upon the judgment was collateral, whereas in the case before the court it is direct. A majority of the state decisions seem to also hold that a litigant waives his right of trial by jury when he fails to appear at the time of the trial. 50 C.J.S. Juries § 95, p. 801.

Interesting as it may be as conjectural law generally, I find that the answer to this is substantive law of the Territory of Alaska, and, as such, takes it out of the procedural rule 39 Fed.R.Civ.P. § 55–7–91, A.C.L.A.1949 provides as follows:

> "Waiver of trial by jury. Trial by jury may be waived by the several parties to an issue of fact, in actions on contract, and with the assent of the court in other actions, in the manner following: First: By failing to appear at the trial; * *."

Although this matter was briefed by both sides, neither counsel has noted the substantive law in his brief.

■ I am of the opinion that in a federal court when a party fails to appear at the time the case is set down for trial, even though he has complied with the demand for jury under Rule 38, Fed. R.Civ.P., he thereby waives his right of trial by jury.

■ Now to law point number two, supra, which is governed by Rule 55, Fed. R.Civ.P., there being no substantive law of the Territory of Alaska to the contrary. Counsel for the plaintiff did not move or ask for a default under Sections (a) or (b) of Rule 55. Rule 55(a) provides as follows:

"Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default."

The words "otherwise defend" have been interpreted by the courts to mean:

"The words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." Bass v. Hoagland, supra [172 F.2d 210].

"This does not require that to escape default the defendant must not only file a sufficient answer to the merits, but must also have a lawyer or be present in court when the case is called for a trial." Bass v. Hoagland, supra.

The facts in the Bass case disclose that the defendant had an attorney up to the time of the trial and had filed proper answers, motions and counterclaims. Applying the facts of the Bass case to the one presently before the court, the defendant was not in default at the time of the trial or thereafter. It has also been held that entry of default under 55(a) is a mere formal matter and under 55(c) and 60(b), Fed.R.Civ.P., the trial judge may allow an answer at his discretion. Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 1942, 130 F.2d 185.

 The defendant's relief lies under Rule 60, Fed.R.Civ.P., and this court has already adjudicated the defendant's rights under that rule. (See minute order in record, February 7, 1958.)

For the reasons stated, the motion to set aside void judgment is denied and plaintiff is hereby directed to submit a formal written order to that effect.