Byron J. HOLLEMBAEK, d/b/a "Knik Farms", Appellant,

v.

ALASKA RURAL REHABILITATION CORPORATION, Appellee.

No. 866.

Supreme Court of Alaska.

Nov. 12, 1968.

Peter B. Walton, Anchorage, for appellant.

Allen L. Jewell and Martin A. Farrell, Jr., Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

## OPINION

Appellee sued on appellant's promissory note which was secured by chattel mortgages on a trailer and certain farm equipment. Attachment of the trailer and a tractor was effected by a peace officer. Agents of appellee went on appellant's property and peaceably took possession of a combine. After a trial before the court, appellee was granted judgment.

Appellant raises two points on appeal:

(1) That the trial court wrongfully denied him the right to trial by jury, and

(2) That the trial court erroneously refused to grant judgment to him for appellee's alleged conversion of the combine.

### Denial of Trial by Jury

Suit was filed on November 2, 1965. Appellant's counsel appeared in the case on November 18, 1965, and an answer containing a general denial was filed on December 7, 1965. On April 19, 1966, counsel for both parties signed a Pre-Trial Order which provided for "a 2 day non-jury trial set for week of September 26, 1966." The same order permitted appellant to file an amended answer and counterclaim within 20 days. On May 4, 1966, appellant filed an amended answer which again contained a general denial as well as counterclaims for wrongful attachment and negligent care of attached property. On the same date appellant filed a demand for jury trial. Trial was continued to January 9, 1967. During a hearing on January 4, 1967, appellant's request for jury trial was brought to the court's attention. After considering the request, Judge Gilbert denied it on the ground that it had not been timely filed. On the first day of trial, which was before Judge Sanders, appellant argued a Motion for Order Confirming Defendant's Right to Trial by Jury which was supported by his counsel's affidavit. After argument on the motion counsel for appellee advised the court that if there was any doubt in the court's mind as to whether appellant had a right to trial by jury, that appellee would be willing to stipulate that appellant be given a jury trial. Judge Sanders denied the motion.

The general thrust of appellant's argument is that he did not waive his right to a jury trial.

Civil Rule 38(d) specifically provides that the failure of a party to demand a jury trial not later than 10 days after the service of the last pleading directed to an issue triable by jury, "constitutes a waiver by him of trial by jury." [1] Since appellant failed to demand a jury trial within 10 days following the filing of his answer on December 7, 1965, trial by jury was waived. [2]

Appellant argues that his counsel's signing of the pre-trial order of April 19, 1966, providing for a non-jury trial cannot legally be classified as a waiver because his counsel did not know that he was agreeing to a non-jury trial and had no authority to waive trial by jury.

1. Civ.R. 38(d) states:
    The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

2. Patrick v. Sedwick, 391 P.2d 453, 459 (Alaska 1964).

■ By signing the pre-trial order, counsel for appellant stipulated with counsel for appellee and to the court that trial was to be without jury. By its provisions, the pre-trial order made this stipulation a part of the order. The order provided that it could be modified

> only to prevent manifest injustice, and that such modification may be made either on the application of counsel for the parties or on motion of the court.

Counsel for appellant made no specific motion to amend the pre-trial order. In Fairbanks Publishing Co. v. Francisco[3] this court upheld the binding effect of pre-trial orders. However, as appellee points out, appellant had already waived his right to a jury trial in December of 1965, by his failure to file a demand as required by Civil Rule 38(a). The effect of appellant's counsel's signing of the pre-trial order, which was also signed by the judge, was to officially establish, as a rule governing the trial of the case, that trial was to be without a jury. Appellant was bound by the act of his counsel in signing the order. Counsel's undisclosed mental state can be given no controlling effect in interpreting the effect of the pre-trial order. Counsel is presumed to have been aware of the provisions of the order. The court is of the unanimous view that appellant waived his right to trial by jury with respect to his original answer.

■ The last of appellant's arguments on this point appears to be that his amended answer, filed May 4, 1966, contained a counterclaim which raised the new issue of wrongful attachment, which could not be considered to have been covered by the pre-trial order of April 19, 1966.

On this point the court has divided opinions. It is the writer's view that the trial court did not abuse its discretion in refusing to grant appellant's request for trial by jury because:

(1) At the same time that appellant stipulated in the pre-trial order that the trial would be without jury, he was given permission to file a counterclaim within 20 days. A counterclaim alleging wrongful attachment was filed within 20 days. It is not logical to believe that appellant did not know the basis of the counterclaim he was requesting permission to file. Since he must have known that he was going to counterclaim on the basis of wrongful attachment, and he has not at any time denied this knowledge, he should be held to the waiver of jury trial contained in the same document which granted him permission to file the counterclaim.

(2) With the pre-trial order providing for trial by the court, appellant waited eight months to draw to the court's attention the fact that he had filed a request for a jury trial subsequent to issuance of the pre-trial order and did not cause to be brought on for argument his Motion for an Order Confirming Right to Trial by Jury until the morning trial by court was scheduled to commence.

Justice Dimond is of the view that since appellant's amended answer contained a counterclaim which raised a new issue not raised in the original answer, that appellant had the right, despite his initial waiver of trial by jury, to demand and receive a trial by jury on the new issue raised only.[4]

Justice Rabinowitz is of the view that the trial judge abused his discretion in not treating appellant's Motion for an Order Confirming Defendant's Right to Trial by Jury as a motion under Civil Rule 39(b) which permits a judge in his discretion to order a trial by jury of any issue, even though a party may have failed to make a timely or effective demand therefor.[5]

3. 390 P.2d 784, 799 (Alaska 1964).

4. See 5 J. Moore, Federal Practice § 38.41, at 326 (2d ed. 1968) ; 2 Barron and Holtzoff § 878, at 51–52 (rev. ed. 1961) ; Munkacsy v. Warner Bros. Pictures, 2 F.R.D. 380 (E.D.N.Y.1942) ; Ward v. Brown, 301 F.2d 445, 447 (10th Cir.

1962) ; Cataldo v. E. I. DuPont De Nemours & Co., 39 F.R.D. 305, 308 (S.D. N.Y.1966).

5. Civ.R. 39(b) states:
   Issues not demanded for trial by jury as provided in Rule 38 shall be tried

Justice Rabinowitz' view is based upon the following considerations present in the case:

(1) Appellant filed a written demand for a jury trial within ten days after the last pleading directed to the issue.

(2) The demand for jury trial was filed some eight months prior to the time the trial actually took place.

(3) Appellant's counsel's contention that his signing of the pre-trial order was inadvertent and that he did not intend to consent to a non-jury trial with respect to the counterclaims he anticipated filing.

(4) The record does not show that prejudice would have resulted to appellee by the granting of a jury trial, that in fact, appellee was willing to stipulate to the granting of a jury trial.

Since the concensus of the court is that appellant should have been granted a trial by jury on the new issues raised in his counterclaim the order of disposition of this appeal will so provide.

*Conversion*

During the course of the trial appellant raised the issue of conversion of his combine by appellee. The issue was tried by the court and at the conclusion of the trial appellant was given the privilege of amending his pleadings to conform to the proof and plead the issue of conversion. As a conclusion of law the trial court held that appellee had not converted the combine to

its use either by the original taking of, or in holding it, for sale.

■ Appellant now argues that the repossession of the combine by an agent of appellee, the mortgagee, without the consent of appellant-mortgagor, constituted a conversion. Appellant argues that section 22–6–10 ACLA (1949) governs the conduct of the parties under their mortgage and that under its provisions a summary type foreclosure was not permitted unless the mortgage specifically so provided and the terms of the statutes were specifically complied with.[6]

The mortgage herein, in pertinent part, stated:

* * * Mortgagee may, without notice, declare the whole sum of both principal and interest due and payable, and at once proceed to collect the same and take immediate possession of the property hereby mortgaged without notice and foreclose the mortgage in any manner provided by law.

Appellee contends that the phrase "any manner provided by law" in the above quoted statute means that the mortgagee may foreclose the chattel mortgage in accordance with the accepted rules of the law of chattel mortgages. Appellee relies on the doctrine of Gregory v. First National Bank[7] which holds that a chattel mortgagee of a mortgage in default is privileged to enter upon the land of the

by the court; but notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

6. § 22–6–10 ACLA (1949) states:
An action for the foreclosure of a mortgage of personal property, or the enforcement of any lien thereon, of whatever nature, may be commenced and conducted in the same manner as provided by law for the foreclosure of mortgages and liens upon real property, and the same may be joined in an action for the recovery of the possession of the property mortgaged; but it is lawful for the mortgagor of per-·

sonal property to insert in his mortgage a clause authorizing the marshal to execute the power of sale therein granted to the mortgagee, his legal representative and assigns, in which case the marshal, at the time of default, at the request of the mortgagee, must, and it is hereby made his duty to, advertise and sell the whole or any part of the mortgaged property, wherever it may be, and the mortgagee or his representative or assigns may, in good faith, purchase the property so sold, or any part thereof. The marshal may require an indemnity bond from the mortgagee or his assigns before taking possession of or selling the mortgaged property.

7. 241 Or. 397, 406 P.2d 156 (1965).

mortgagor to take possession of the mortgaged chattel, citing 1 Restatement (Second) of Torts section 182, at 332 (1966). The Restatement provides that a chattel mortgagee

> who is entitled to immediate possession * * * is privileged, at a reasonable time and in a reasonable manner, to enter land in the possession of the [mortgagor], for the purpose of taking possession of the thing and removing it from the land.

Comment c of the reporter's notes, at 333 states:

> In the absence of express agreement covering the matter, where goods * * are made subject to a chattel mortgage, the possessor's consent to an entry on his land for the purpose of retaking the goods upon default in payment of the purchase price or an instalment thereof is inferred as one of the terms of the sale or mortgage. The transaction, having been made in reliance on such consent, creates a privilege to enter and remove the goods, irrespective of the subsequent withdrawal of the consent.

Appellee points out that AS 45.05.786 states in part that

> Unless otherwise agreed, a secured party has on default the right to take possession of the collateral. In taking possession, a secured party may proceed without judicial process if this can be done without breach of the peace * *.

and was enacted to bring the law of Alaska in conformance with the general law on chattel mortgages. Appellee points out however that this section cannot govern the chattel mortgage now before the court since the mortgage was executed on September 4, 1962, and the above quoted section did not become effective until December 31, 1962.

We hold that the trial court was correct in its conclusion that appellee's repossession of the combine did not amount to a conversion. Although appellant did not consent to the removal of the combine from his property by an agent of appellee, in fact objected to such removal, the retaking was peaceably accomplished in accordance with a specific provision of the mortgage which stated: "[A]nd at once proceed to collect the same and take immediate possession of the property hereby mortgaged without notice" and in a manner consistent with what we consider to be the better rule of law.

■ Appellant's last point is that if the summary foreclosure effected by appellee is held to be lawful, appellee's retention of possession of the combine for some 15 months prior to trial without effecting a sale is nevertheless a conversion. Appellant appears to interpret section 22–6–10 ACLA (1949) as placing a burden upon appellee to proceed with a sale by the United States marshal after proper advertisement.

Appellee points out that the mortgage stated in pertinent part:

> the Mortgagee, without notice or demand, may enter into the possession of and proceed to sell the said property in the manner provided by law, or in the discretion of the said Mortgagee the said mortgaged property may be sold in the manner provided by Section 22–6–10 * * *.

We find no merit in appellant's argument. The uncontradicted testimony of appellee's agent was that attempts were made to sell the combine but that it could not be sold. Under the terms of the mortgage appellee was not obligated to proceed in accordance with section 22–6–10 ACLA (1949) to the exclusion of any other course of conduct. Appellant admitted that he had learned by hearsay that appellee had advertised the combine for sale in the newspaper. Under the facts of this case we do not believe that appellee's retention of the combine without effecting a sale prior to trial was unreasonable and find no error in the conclusion of the trial court that a conversion had not occurred.

The judgment below is therefore vacated and appellant will be granted trial by jury on the issues raised in his counterclaims.