Jay G. HILL, Appellant,

v.

Grace VETTER, Appellee.

No. 1912.

Supreme Court of Alaska.

Aug. 12, 1974.

Edward A. Merdes, Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellant.

Joseph W. Sheehan, Rice, Hoppner, Blair & Associates, Fairbanks, for appellee.

Before RABINOWITZ, Chief Justice, and CONNOR, BOOCHEVER and FITZGERALD, Justices.

FITZGERALD, Justice.

A judgment amounting to $150,000 on a complaint for assault and battery was entered against Jay Hill in favor of Grace Vetter on December 13, 1972. Hill moved to set aside the judgment and requested a new trial. The trial court denied relief and Hill appeals. We reverse and remand the case for further proceedings.

This litigation had its inception in May 1970 when Vetter filed her claim against Hill for assault and battery. At the time her complaint was filed, Vetter demanded a jury trial. When Hill failed to answer the complaint, his default was entered by the clerk. Hill was able to set aside the default by establishing excusable neglect and the court allowed him to answer. Vetter later moved for summary judgment on all issues relating to liability. Her motion went unopposed and an "order granting judgment as to liability" was entered by the trial court in July of 1971. Seven months later Vetter made applications to set the case for trial and to waive a jury. The motion to waive the jury merely recited that "plaintiff desires to revoke its previous demand for jury and have this matter set on for hearing before the court."

No supporting papers or memorandum were submitted, though required by the civil rules.[1]

Hill's attorney was then serving in the Alaska state legislature and requested a continuance of the trial under a legislative claim of privilege.[2] No ruling was ever made on this motion.[3] But a minute order was entered in March 1972 to the effect that Vetter's motion to set a trial date was "granted, August 7, 1972 trial date." A week later a minute order referring to Vetter's motion, to vacate her request for a jury bore the single notation "granted."

Subsequently Vetter moved for a continuance of the trial, noticing the motion for hearing August 3, 1972. Hill filed a notice of non-opposition to the motion, and on August 3 the trial court entered its minute order, which was noted "Granted cont. to October 30, 1972." This minute order and a trial calendar bearing a similar notation was mailed to Hill's attorney. The notices were not brought to the attorney's attention, however, because his office staff interpreted them to mean merely that Vetter's motion for continuance had been continued until October 30.

The trial court held the trial on October 30 and the two days following in the absence of Hill and his attorney. Because summary judgment on the liability issues had already been granted, Vetter's evidence was limited to her claims of damage. No attempt was made during these three days to alert Hill or his attorney that the case was then being tried.[4]

The trial court made oral findings of fact on the damages on November 1, 1972. Vetter moved on November 8, 1972, to amend the November 1 judgment[5] by increasing the award. This motion to amend was served on Hill's attorney and made him aware for the first time of the October 30 trial.

Hill's attorney immediately moved to vacate the judgment under Alaska R.Civ.P. 60(b)(1)[6]—excusable neglect—and also because the court had improperly deprived Hill of his jury trial right. The trial court denied these motions and others of a similar nature which were made after the written judgment was entered. The court denied as well Vetter's motion to amend the judgment to increase the damage award. Hill has taken this appeal urging that the trial court abused its discretion by refusing to vacate the judgment.[7]

1. Alaska R.Civ.P. 77 provides in part:
   (b) There shall be served and filed with the motion or other application and as a part thereof,

   .    .    .    .    .

   (2) A brief, complete written statement of the reasons in support of the motion, which shall include a memorandum of the points and authorities upon which the moving party will rely.

2. AS 24.40.030 provided for continuances of civil proceedings where a party's attorney was serving in the state legislature. The statute was subsequently repealed by the legislature. § 39, ch. 53 SLA 1973. *See also* City of Valdez v. Valdez Development Co., 506 P.2d 1279 (Alaska 1973).

3. The clerk of the superior court notified Hill's attorney that his motion would have to be noticed for hearing; no further action was taken by the parties or the court.

4. However, common courtesy would suggest that Vetter's attorney, or the trial court, alert Hill or his attorney of the trial proceedings. *Cf.* Cook v. Aurora Motors, Inc., 503 P.2d 1046, 1049 n. 6 (Alaska 1972).

5. There is some confusion as to whether the judgment in this case was entered on November 1, 1972, when the court gave its findings of fact orally, or on December 13, 1972, when the court signed formal findings of fact and conclusions of law. Appellee Vetter moved to dismiss this appeal as untimely, urging November 1 as the controlling date; we previously denied that motion.

6. This rule provides in part:
   (b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise or excusable neglect . . . .

7. "The granting of relief from a judgment is addressed to the sound discretion of the trial court. That court's ruling will not be dis-

*Failure to Appear for Trial*

■ Hill[8] urges that his attorney's failure to appear was neglect which can be excused as an inadvertent mistake. He points out that the trial calendar his attorney received for October 1972 included this comment with his case listing: "Plaintiff's Motion for Continuance of Trial Date . . . Granted . . . Continued to October 30, 1972." Hill asserts that this language is ambiguous. Hill does not argue that his interpretation was accurate or even reasonable, merely that his mistake was made in good faith and cannot be characterized as totally negligent. He therefore requested the trial court to assess costs and attorneys' fees as a penalty for this mistake rather than allowing an uncontested $150,000 judgment to stand.

We are mindful of the difficulties confronted by trial courts in attempting to enforce the rules and to bring litigation to a timely final disposition. However, we conclude that the penalty visited upon Hill for his attorney's mistake was too severe. Under the circumstances, a sanction other than the entry of a $150,000 judgment seems more appropriate. This is particularly true where, as in this case, the matter was brought to the attention of the trial judge before the entry of his final judgment. We therefore vacate and remand to the superior court. Should the court believe that Hill or his attorney should be penalized for failing to appear for trial, a more moderate sanction may be imposed.

*Jury Trial Waiver*

We also find that the superior court improperly granted Vetter's motion to waive jury trial. Alaska R.Civ.P. 38(d) provides in part that a jury trial demand, once made by either party, "may not be withdrawn without the consent of the parties." Hill did not consent to the waiver.

■ Vetter relies on Alaska R.Civ.P. 77(e), which provides that motions to which opposing counsel does not properly object shall be deemed "well-taken." This rule permits the court to summarily grant proper motions should no opposition be filed. But a motion to withdraw a jury demand is not a proper motion if presented by only one party. Alaska R.Civ.P. 39(a) provides in part that such a withdrawal shall be effected by a "written stipulation filed with the court or by an oral stipulation made in open court and entered in the record . . . ." All parties must consent to the withdrawal. The motion to withdraw the demand for jury trial was improperly granted.

■ We have considered the possibility that Hill may have lost his jury trial right by defaulting at the time set for trial. Some federal courts have stated that a party who defaults loses his right to a jury trial.[9] But this argument is not available to Vetter because the court did not enter a default against Hill. Rather the court allowed the trial to commence in Hill's absence. The distinction here is not merely technical, for before the court could properly have entered a default Vetter would have been required to give Hill three days' notice.[10] Since there was no notice given and no request for an entry of default, we conclude that Hill did not lose his jury trial right by waiver through default. A trial was held at which Hill was improperly denied the jury determination which was his right under the rules of civil procedure.

Reversed and remanded.

ERWIN, J., not participating.

---

turbed except upon a showing of an abuse of discretion . . . ."
Gravel v. Alaskan Village, Inc., 423 P.2d 273, 277 (Alaska 1967) (footnote omitted).

8. Hill is represented on appeal by a different attorney from the one who failed to appear for trial.

9. *See* Midland Contracting Co. v. Toledo Foundry & Mach. Co., 154 F. 797 (7th Cir. 1907); Gill v. Stolow, 18 F.R.D. 508 (D.C. N.Y.1955), rev'd on other grounds, 240 F.2d 669 (2nd Cir. 1957). *But see* Barber v. Turberville, 94 U.S.App.D.C. 335, 218 F.2d 34, 37 (1954) ("[I]t is the better practice, if not actually compelled, that the issue as to damages be submitted to the jury.").

10. Alaska R.Civ.P. 55(c)(1).