**Phillip SCHACHT, Appellant,**

v.

**Barna R. MALE, Appellee.**

**No. 5093.**

Supreme Court of Alaska.

Aug. 28, 1981.

---

John F. Rosie, Whiting & Rosie, Fairbanks, for appellant.

James D. DeWitt, Call, Haycraft & Fenton, Fairbanks, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.*

OPINION

PER CURIAM.

Phillip Schacht appeals from the superior court's refusal to set aside a default judgment entered against him by the district court. We affirm.

In September 1978, Barna Male filed a complaint against Schacht seeking damages of over $1,500 resulting from a dispute over a lease. Schacht responded more than thir-

ty days later with a handwritten "answer." A pretrial conference took place in January 1979, at which Schacht appeared without an attorney and informally presented a counterclaim for damage to his belongings. Schacht asserted he would win the case through the testimony of unidentified "key witnesses." District Court Judge Mary Alice Miller ordered him to respond to a request for admissions made by Male, and strongly advised him to obtain an attorney. Both parties were ordered to file witness lists. Trial was then calendared for March 14, 1979.

Schacht obtained the services of attorney John Rosie, and the parties stipulated to an extension of time for the response to the request for admissions. Schacht filed that response and was given leave to file a formal answer. The answer filed set forth his counterclaim.

On the date set for trial, Rosie sought a continuance because of a conflict with another trial that he had on that date. Judge Miller agreed to continue the case and the parties stipulated to a new trial date of June 4, 1979.

On June 1, Rosie assured Male's counsel, James DeWitt, that the case would proceed as scheduled. Male, who resides in Anchorage, traveled to Fairbanks for the trial. However, at 8:15 on the morning of June 4, Rosie called DeWitt to tell him that Schacht was in Seattle, where he had been for a week, due to a girlfriend's illness. Rosie then dropped by the chambers of Judge Miller and told her clerk that he had business in another courtroom that morning.

When the case was called for trial, Rosie was not present in Judge Miller's courtroom. Apparently none of the witnesses designated by Schacht were present either. Judge Miller asked DeWitt if he sought the entry of a default judgment and DeWitt answered affirmatively. Judge Miller therefore entered Schacht's default and

* Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

took testimony from Male as to his damages.[1]

On June 15, Schacht moved to set aside or withhold the entry of default. Rosie submitted an affidavit in support of the motion explaining that he had been involved in a superior court trial that was expected to conclude the preceding business day, but which had lasted until June 4. Rosie stated that he had checked Judge Miller's calendar and found that the trial of *Male v. Schacht* was listed following another case. He therefore notified Judge Miller's clerk that he would not be available until later that morning.

A hearing was held on Schacht's motion on June 22. Judge Miller denied the motion. She observed that the superior court case that had "unexpectedly" lasted two days was originally estimated to be a two day trial. She also stated that Rosie had ample time to inform the court of the possible conflict before the morning of trial.

On appeal to the superior court, Judge Blair held that the lower court's findings of fact were supported by the record and were not clearly mistaken. He found no abuse of discretion by Judge Miller.

On appeal here, Schacht claims that the district court's failure to await Rosie's appearance before proceeding constituted an abuse of discretion. He also suggests that common courtesy required that Rosie should have been notified of the court's decision to proceed by either the court, opposing counsel, or the clerk. We find neither argument persuasive.

■ Concerning the decision to take up this case before the other matter listed on the calendar, it is apparent that Rosie had no right to assume that the other matter would be handled first. Both were scheduled for 9:30 a. m., and a judge has discretion to manage the court's calendar in the manner that occurred here.

We also think that Schacht asks too much in suggesting Rosie should have been informed of its decision before the court was entitled to proceed. Rosie knew the time of the trial,[2] and the burden was on him to make sure that his absence, albeit temporary, was acceptable to the *court* in which he was scheduled to appear. That burden is not met by informing the court's clerk of counsel's intention to be elsewhere at the appointed time.[3]

Since we find no error in the entry of the default, we consider whether the court should have set it aside upon Schacht's motion. We recently reiterated that a trial court's decision not to set aside a default judgment is only an abuse of discretion if we are " 'left with the definite and firm conviction on the whole record that the trial judge has made a mistake.' *Corso v. Commissioner of Education*, 563 P.2d 246, 248 (Alaska 1977) (footnote omitted)." *Gregor v. Hodges*, 612 P.2d 1008, 1010 (Alaska 1980).

■ Here, several factors convince us not to disturb the lower court's decision. The case had been delayed by Schacht's tardiness in properly responding to the suit.

1. In granting the default Judge Miller stated, I might say for the record that were it not for Mr. Rosie's repeatedly doing the kind of things that occurred here this morning, that is permitting calendar conflicts to occur without attempting to resolve them in a timely or orderly fashion, I might not go ahead with entering the default. But his past history in that regard[,] along with his failure to file a pretrial memorandum, furnishing witness list late, his client's absence, all of the things together, move me to grant the application for entry of default.

2. Cf. *Hill v. Vetter*, 525 P.2d 529, 530 (Alaska 1974) (attorney misinterpreted notification of trial date).

3. We do not accept the dissent's contention that Rosie was owed a "duty of courtesy" in this situation by either DeWitt or Judge Miller. Judge Miller granted the default partly because she found Rosie had repeatedly done similar things. See note 1, *supra*. We also think that DeWitt was understandably exasperated by Schacht's and Rosie's absence, and by the continuing failure to bring this small case to trial expeditiously. Under these circumstances it could only have been Rosie who was taking advantage of opposing counsel and the court. Cf. *Cook v. Aurora Motors, Inc.*, 503 P.2d 1046, 1049 n.6 (Alaska 1972).

Further delay and inconvenience ensued when the first trial date was vacated and a new one set. The new trial date was selected by stipulation of the parties, and DeWitt had been assured only a few days before trial that the case would proceed as scheduled. Male had traveled to Fairbanks for trial, and Schacht had not. It is admitted that Rosie could only have cross-examined Male's witnesses in this situation, as there is no evidence that Schacht's "key witnesses" were under subpoena or in the courtroom.

In this situation, we reject Schacht's claim that entry of a default judgment was unjust, as nothing in the record suggests that it was.[4] The judgment is AFFIRMED.

MATTHEWS, Justice, dissenting, with whom DIMOND, Senior Justice, joins.

In *Hill v. Vetter*, 525 P.2d 529 (Alaska 1974) neither Hill nor his attorney appeared in court at the time scheduled for trial because of an internal error in the office of Hill's attorney. The trial was conducted nonetheless. When Hill learned that the trial had taken place, he moved to set aside the judgment under Alaska Rule of Civil Procedure 60(b). This motion was denied by the trial court. On appeal we reversed, vacating the judgment and remanding the case to the superior court for trial. We stated,

> [C]ommon courtesy would suggest that Vetter's attorney, or the trial court, alert Hill or his attorney of the trial proceedings.

*Id.* at 530 n. 4. As authority for this statement we cited *Cook v. Aurora Motors, Inc.*, 503 P.2d 1046, 1049 n. 6 (Alaska 1972) where we approved the following principle of courtesy:

When [a lawyer] knows the identity of a lawyer representing an opposing party, he should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed.

*Quoting* American College of Trial Lawyers Code of Trial Conduct No. 14(a), p. 149 (1971–72).

I believe that *Hill v. Vetter* is materially indistinguishable from the present case and that the principle of courtesy on which *Hill* rests should govern here. If anything, this case presents a more compelling one than *Hill* for setting aside a default. Here, Schacht's counsel personally informed Judge Miller's clerk that he had a potential scheduling conflict and that he would be in another court room in the same building until 10:30 or 11:00 a. m. of the morning in question. A short time after this conversation this case was called on for trial and Schacht's default was taken as his counsel was not then present. In accordance with the principle expressed in *Hill*, both Judge Miller and Male's counsel owed a duty of courtesy to Schacht's counsel to notify him that the trial was about to begin so that either he, or one of his associates, could take steps to prevent a default.[1]

In expressing the above I do not mean to imply that Schacht's counsel was entirely free from fault. He could, no doubt, have notified the court of the potential scheduling conflict at the close of the preceding trial day and might have arranged to substitute counsel or take other appropriate steps at that time. However, the present case was listed as No. 2 for trial on Judge Miller's calendar and Schacht's counsel was not, in my view, entirely unreasonable in

---

4. We also believe the dissent inaptly analogizes a case in which the trial court awarded $150,000 by default, *Hill v. Vetter*, 525 P.2d 529 (Alaska 1974), to the present case, involving a judgment of $2,196.85. We considered the size of the judgment in reversing the award in *Hill*, noting that a lesser sanction might be appropriate. *Id.* at 531.

1. Had Schacht's counsel been so informed, he could have done a number of things, including:

(1) telephoning an associate who could appear in Judge Miller's court for the purpose of moving for a continuance of a few hours and, if that motion were denied, beginning the trial; or (2) obtaining a brief recess in the superior court so that he could move for a continuance of a few hours before Judge Miller; or (3) attempting to enlist the aid of the superior court judge before whom he was then appearing in order to resolve the scheduling conflict.

believing that, if the potential scheduling conflict should become a real one, a message would be sent to him so that he could respond appropriately. I would, therefore, regard his mistake as excusable under Civil Rule 60(b) and remand this case with directions to vacate the default and conduct a trial on the merits.