**Dean HALL, Appellant,**

v.

**Nina MOROZEWYCH, Appellee.**

No. 7374.

Supreme Court of Alaska.

July 20, 1984.

J. Randall Luffberry, Palmer, for appellant.

Craig J. Tillery, Reese, Rice & Volland, Anchorage, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

RABINOWITZ, Justice.

Morozewych sued Hall in May 1980 for employment discrimination under AS 18.-80.200 *et seq.*[1] Hall responded over the

---

1. The relevant provision is AS 18.80.220(a)(1):
   *Unlawful employment practices.* (a) It is unlawful for
   (1) an employer to refuse employment to a person, or to bar him from employment, or to
   discriminate against him in compensation or in a term, condition, or privilege of employment because of his race, religion, color or national origin, or because of his age, physical handicap, sex, marital status, changes in mari-

next five months with two handwritten letters and a formal "Answer and Request for Jury Trial". In his answer Hall gave the address of his brother, Robert McKee, an Oregon attorney, for service of process. McKee apparently rendered Hall legal assistance.

After some fifteen months during which no other activity took place in the case, the superior court clerk in January 1982 sent a Civil Rule 41(e) Notice of Impending Dismissal for Want of Prosecution. Morozewych then filed a Memorandum to Set Case for Trial. A pretrial conference was set for April 7, 1982.

On April 1, McKee requested that the pretrial conference be rescheduled. McKee stated in an affidavit that he had not received Morozewych's memorandum to set the case for trial, and that he did not have an address at which to contact Hall. The request reached the superior court on April 6, the day before the scheduled pretrial conference. Apparently the superior court never responded to McKee's request; the conference was held in Hall's absence on April 7th. The next day the superior court signed a pretrial order providing for a jury trial and setting out a schedule for discovery and briefing. The superior court's pretrial order set the trial for the week of July 5th.

Apparently this order never reached Hall; nor did Hall receive the requests for discovery Morozewych's attorney sent to McKee's Oregon address. Meanwhile, Morozewych filed a pretrial memorandum in late June. Hall finally received word from McKee "concerning the trial date" sometime in June. Hall then called the office of Morozewych's attorney to find out the date, and was told the date of trial was July 5th. Hall took time off from his job on the North Slope and came to Anchorage for July 3–5. Hall called superior court Judge Rowland over the weekend to find out if a trial could be held on July 5th (a Monday and a holiday). On July 5th the superior court was closed and Hall returned to the Slope without having learned when his trial would be held. He called the court the next day. The record doesn't reveal whether Hall was then informed of the July 7th trial date.

The trial was held in Hall's absence on July 7th. Rather than grant a default on the basis of Hall's non-appearance for trial, the superior court proceeded to hold a non-jury trial.[2] The court heard testimony from Morozewych and another witness. After hearing this testimony, the court allowed Morozewych to amend her complaint to include a cause of action for sexual assault. The court awarded Morozewych damages both for "sexual harrassment" and for the assault, including compensatory damages for lost wages and intentional infliction of emotional distress, as well as punitive damages. Judgment was awarded to Morozewych in the total amount of $15,809.18.

tal status, pregnancy or parenthood when the reasonable demands of the position do not require distinction on the basis of age, physical handicap, sex, marital status, changes in marital status, pregnancy or parenthood.

**2.** We do not imply that a default for non-appearance at trial would necessarily have been justified. A party may be defaulted for failing "to plead or otherwise defend as provided by these rules." Civil Rule 55(a). We have never ruled on the question of whether non-appearance at trial is a failure to "otherwise defend." A federal court, applying the substantive law of territorial Alaska but relying on federal precedent, concluded that non-appearance did not constitute a failure to "otherwise defend" under Rule 55(a). *Olsen v. International Supply Co.,* 17 Alaska 643, 22 F.R.D. 221, 223 (1958). Federal authority supports such a conclusion. *Bass v. Hoagland,* 172 F.2d 205, 210 (5th Cir.1949); 6 Moore, Moore's Federal Practice ¶ 55.02[3] n. 12 (2d ed. 1983). There are state authorities on both sides of the issue. Cases holding that a default for non-appearance is not justified include *Coulas v. Smith,* 96 Ariz. 325, 395 P.2d 527 (1964); and *Tacoma Recycling, Inc. v. Capitol Material Handling Co.,* 34 Wash.App. 392, 661 P.2d 609, 611 (1983); while among those cases on the other side of the issue are *Chase v. Contractors Equipment and Supply Co., Inc.,* 100 N.M. 39, 665 P.2d 301, 304 (1983); and *Archer v. LaMarch Creek Ranch,* 174 Mont. 429, 571 P.2d 379, 382 (1977). We need not take a position on this question at this time since the trial court did not purport to enter a default.

After he learned that the trial had taken place, Hall, through Alaska counsel, moved for a new trial under Civil Rule 59(a) and, in the alternative, for relief from judgment under Civil Rule 60(b). The motions were opposed and denied.

Hall now brings this appeal, asserting that the superior court's management of the case in both its pretrial and trial stages denied him due process of law, that he was wrongfully deprived of a jury trial, and that the superior court abused its discretion in failing to grant his motion for new trial or his Civil Rule 60(b) motion for relief from judgment.

## I. Denial of Jury Trial

Hall contends that the superior court denied him his right to a jury trial under Art. I, section 16 of the Alaska Constitution.[3]

Hall was served with Morozewych's complaint on July 23, 1980. He responded in a handwritten letter dated July 30th, which was received by the court on August 25th. On September 2nd, Hall wrote a longer letter generally denying Morozewych's allegations. On September 24th, Hall, with help from McKee, prepared a more orthodox document called an "Answer and Request for Jury Trial". The superior court received that document on October 1st. After a long hiatus in the prosecution of this litigation, the superior court issued a pretrial order providing for a jury trial.[4]

It is agreed that either party has the right to a jury trial in an employment discrimination case arising under AS 18.80.-220. *Loomis Electronics Protection, Inc. v. Schaefer*, 549 P.2d 1341, 1344 (Alaska 1976). The parties differ as to whether Hall's request for a jury trial was timely, and whether he waived his right to a jury trial by failing to appear for the trial.

On the timeliness issue, Morozewych argues that Civil Rule 38 requires that a demand for a trial by jury be made within ten days of the filing of defendant's answer. Civil Rule 38(b) provides that:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand shall be made in a separate written document signed by the party making the demand or by his attorney.

Given the chronology outlined above, we hold that Hall's "Answer and Request for Jury Trial" was timely, since his demand for a trial by jury was filed

---

3. Article I, section 16 of the Alaska Constitution provides:

> *Civil Suits; Trial by Jury.* In civil cases where the amount in controversy exceeds two hundred fifty dollars, the right of trial by a jury of twelve is preserved to the same extent as it existed at common law. The legislature may make provision for a verdict by not less than three-fourths of the jury and, in courts not of record, may provide for a jury of not less than six or more than twelve.

4. The pretrial order apparently contains at least one typographical error relevant to Hall's request for a jury trial. Paragraph 3 on page 1 seems to provide for a non-jury trial of six persons. Other provisions in the order indicate that in fact a jury trial was contemplated. Reading the order as a whole, it is clear that the superior court had set the matter for trial by jury.

It is also clear that the superior court and Morozewych's counsel recognized that Hall had demanded a jury trial. When only Ms. Morozewych appeared at trial, the following colloquy occurred between her attorney and Judge Rowland:

> THE COURT: Do you want to move for default or do you simply wish to go to trial?
>
> MR. RICE: Let's go to trial.
>
> THE COURT: I note that there is no jury here. There was a demand for a jury trial by Mr. Hall. It appears to me anyway there was.
>
> MR. RICE: I believe there was, Your Honor.
>
> THE COURT: Huh?
>
> MR. RICE: I believe that's the case, Your Honor. There was a demand for jury trial . . .
>
> THE COURT: And, I did not call a jury trial this morning since—well, we can probably have a jury in here and proceed, but . . .
>
> MR. RICE: Unless the Court thinks that's necessary I would just as soon go to trial before the court . . .
>
> THE COURT: All right.

simultaneously with his "last pleading," namely, his formal answer.[5]

■ As to the waiver of jury trial issue, we think Civil Rules 38(d) and 39(a), and *Hill v. Vetter*, 525 P.2d 529 (Alaska 1974), are dispositive.[6] In *Hill*, the plaintiff in an assault and battery case, Vetter, originally demanded a jury trial, but then moved to revoke her prior demand and to set the case for a court trial. The superior court granted Vetter's motion, and a non-jury trial was held at which Hill failed to appear. When Hill later found out about the trial, he moved to vacate the judgment under Rule 60(b). On appeal from a denial of this and similar motions, we held that the superior court had improperly granted Vetter's motion to withdraw her demand for jury trial. The following passage from *Hill* is of direct significance to the resolution of this appeal:

> Alaska R.Civ.P. 38(d) provides in part that a jury trial demand, once made by either party, "may not be withdrawn without the consent of the parties." Hill did not consent to the waiver.

> . . . .

We have considered the possibility that Hill may have lost his jury trial right by defaulting at the time set for trial. Some federal courts have stated that a party who defaults loses his right to a jury trial. But this argument is not available to Vetter because the court did not enter a default against Hill. Rather the court allowed the trial to commence in Hill's absence. The distinction here is not merely technical, for before the court could properly have entered a default Vetter would have been required to give Hill three days' notice. Since there was no notice given and no request for an entry of default, we conclude that Hill did not lose his jury trial right by waiver through default. A trial was held at which Hill was improperly denied the jury determination which was his right under the rules of civil procedure.

525 P.2d at 531 (footnotes omitted).[7]

Our Civil Rules 38(d) and 39(a)[8] are functionally identical to their federal counterparts. Generally, if a defendant in federal court defaults after having properly demanded a jury trial, he may insist on a jury trial as to damage issues.[9] Federal cases

---

**5.** Morozewych relies on *Hollembaek v. Alaska Rural Rehabilitation Corp.*, 447 P.2d 67 (Alaska 1968). In that case, Hollembaek filed a general denial in December of 1965, and his counsel signed a pretrial order in April of 1966 which provided for a non-jury trial. In May, Hollembaek requested a jury trial, which the superior court rejected, treating the request as untimely.

*Hollembaek* is not controlling here. In this case, the pretrial order provided for a jury trial. Moreover, both Morozewych's counsel and the court acknowledged at trial that Hall had requested a jury trial, and neither suggested that his request had been untimely. *See supra* n. 4. Further, we have held that Hall's demand was timely within the explicit terms of Rule 38(b).

**6.** Civil Rule 38(d) provides as follows:

*Waiver.* The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties. Civil Rule 39(a) provides as follows:

*By Jury.* When trial by jury has been demanded as provided in Rule 38, the trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by

an oral stipulation made in open court, consent to trial by the court sitting without a jury or (2) the court upon motion by a party or upon its own motion finds that a right of trial by jury of some or all of those issues does not exist under the state constitution or statutes of the state.

**7.** Morozewych attempts to distinguish *Hill* on the ground that in *Hill* "[t]he parties did not raise, nor did the court address, the question of waiver of the jury demand by failure to appear at trial." Review of the *Hill* briefs, and the opinion itself, discloses that this proffered ground for distinction is without merit. Morozewych also argues that "[m]oreover, in this case, unlike *Hill* the failure of the defendant to appear at trial was the direct result of his own vexatious conduct during the course of the litigation." Our study of the record does not persuade us that Hall's conduct requires departure from *Hill*.

**8.** See note 6 *supra* for the texts of Civil Rules 38(d) and 39(a).

**9.** 9 C. Wright & A. Miller, Federal Practice and Procedure § 2318, at 88 (1981) states that:

However if a jury trial has once been properly demanded defendant, despite his subsequent

712

split on whether a party's non-appearance is tantamount to a waiver of jury trial on liability. Professors Wright and Miller take the position that "[f]ailure to appear, in person or by counsel, at the trial should be considered a waiver of jury trial".[10] State case law demonstrates that the provisions of applicable statutes or rules control resolution of the jury trial waiver issue. State courts which have had occasion to apply statutes or rules similar to Alaska Civil Rules 38(d) and 39(a) (i.e.: where express consent is required for a waiver of a previously demanded jury trial) generally refuse to treat non-appearance as a waiver. Typical of such decisions is *Loiselle v. Gladfelter*, 160 So.2d 740 (Fla.App.), *aff'd*, 165 So.2d 767 (Fla.1964). In that case, the Florida Court of Appeals recognized the "divergent views of our sister states based upon their particular statutes or rules of procedure," and also acknowledged the split in federal authority. 160 So.2d at 742. Interpreting a rule of civil procedure that required "the consent of the parties" before a demand for jury trial could be withdrawn, the court concluded that "waiver by implication in these circumstances must be more than a mere failure to appear and contest the issues of the case." *Id.*[11]

Given the provisions of Civil Rules 38(d) and 39(a), and our ruling in *Hill v. Vetter*, 525 P.2d 529 (Alaska 1974), we hold that the superior court erred in trying this case without a jury. The judgment against Hall is set aside and the matter remanded to the superior court for a jury trial on the issues of liability and damages.[12]

REVERSED.

---

default, may still insist on a jury trial on the issue of damages.
(Footnote omitted.)

**10.** 9 C. Wright & A. Miller, Federal Practice and Procedure § 2321 at 103 (footnote omitted). The two cases cited by Wright and Miller on this question reach opposite results, and neither case is, in our view, persuasive authority.

**11.** Other state courts applying comparable statutes or rules have reached similar conclusions. *Sewell v. Leifer*, 144 Ga.App. 36, 240 S.E.2d 584 (1977); *Edwards v. Washington National Insurance Co.*, 101 Ga.App. 138, 113 S.E.2d 178 (1960); *Westmoreland v. West*, 19 Ill.App.2d 161, 153 N.E.2d 275 (1958); *North American Provision Co. v. Kinman*, 288 Ill.App. 414, 6 N.E.2d 235 (1937); *Roberts v. Mullen*, 417 S.W.2d 74 (Tex.App.1967), *aff'd*, 423 S.W.2d 576 (Tex.1968). *But see Frissell v. Frissell*, 47 N.C. App. 149, 266 S.E.2d 866, (1980) (over-ruling *Heidler v. Heidler*, 42 N.C.App. 481, 256 S.E.2d 833 (1979)).

**12.** Our resolution of the jury trial waiver issue has made it unnecessary to address any other assertion of error in this appeal.