**Michael D. FRANK, Appellant,**

v.

**GOLDEN VALLEY ELECTRIC ASSOCIATION, INC., Appellee.**

**No. S–1803.**

Supreme Court of Alaska.

Jan. 22, 1988.

---

Charles W. Coe, Smith, Coe & Patterson, Anchorage, for appellant.

Constance A. Cates, Call, Barrett & Burbank, Fairbanks, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

■ In this appeal we are asked to determine whether failure to file jury instructions within the time mandated by a pretrial order amounts to a waiver of the right to trial by jury as guaranteed under article I, section 16 of the Alaska Constitution. We conclude that it does not, and remand the case for retrial of all issues before a jury.

### I. FACTUAL BACKGROUND

On October 16, 1984, appellant, Michael Frank, filed suit against Golden Valley Electric Association (GVEA), alleging trespass and destruction of property in connection with GVEA's erection of a powerline across Frank's property. GVEA answered Frank's complaint on June 14, 1985, denying the claims of wrongful entry and claiming rights under an easement executed by Frank's predecessors-in-interest to the property. Frank filed a timely demand for a jury trial, as required by Civil Rule 38(b),[1] and the case proceeded toward trial.

On October 12, 1985, the superior court issued a pretrial order providing, *inter alia*, that (1) trial was scheduled to commence during the week of May 26, 1986, (2) counsel for both parties were to file pretrial memoranda by May 20, 1986, and, (3) proposed jury instructions were to be submitted "not later than the Monday of the week prior to the week ... trial commences."

On May 23, 1986, a pretrial conference was held before Judge Jay Hodges in Fairbanks. Frank's attorney, Charles W. Coe, participated telephonically from Anchorage. In response to Judge Hodges' inquiry, Coe stated that he had been unable to file his pretrial memorandum as required under the order. He asked the court's indulgence in this regard, explaining that he was caught in the midst of a criminal trial which was running longer than expect-

---

1. Civil Rule 38(b) provides:
   Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand shall be made in a separate written document signed by the party making the demand or by his attorney.

ed. Judge Hodges sanctioned Coe in the amount of $50 for the late filing. Coe also admitted at the conference that he had been unable to file his jury instructions within the time provided in the pretrial order. Judge Hodges asked GVEA's attorney, David Call, whether GVEA desired a jury trial. Call replied that it did not, and Judge Hodges thereupon ruled that Frank's right to a jury trial was "deemed waived" for failure to file the jury instructions within the time provided in the pretrial order. More specifically, the court stated:

> Well, I don't know what the practice is in Anchorage, but I can tell you [t]hat the practice ... in the Fourth Judicial District is [that] pretrial orders mean what they say. And we have done that in other cases. They don't—if the Plaintiff doesn't file the instructions or either side doesn't file them [the] jury's deemed waive[d]. And if one files them and the other doesn't file it and the one who files it doesn't want it it's a court trial.

In response to Coe's requests for reconsideration, Judge Hodges agreed to refer the matter to Judge Greene, who was ultimately assigned to try the case. On May 28, 1986, following considerable argument on the question, Judge Greene upheld Judge Hodges' prior ruling on the waiver issue and ordered that the case proceed to trial without a jury. Following a trial on the merits, the court issued its findings of fact and conclusions of law, ruling in favor of GVEA on virtually all counts,[2] and awarding GVEA costs and attorney's fees.

On appeal, Frank claims numerous errors in the findings of the court below. In light of our disposition of the jury trial issue, however, it is not necessary for us to reach these additional points of error.[3]

## II. DISCUSSION

Article I, section 16 of the Alaska Constitution provides in part:

> In civil cases where the amount in controversy exceeds two hundred fifty dollars, the right of trial by a jury of twelve is preserved to the same extent as it existed at common law.

That this right is to be jealously guarded by the courts of this state is made clear by Civil Rule 38(a), which charges the courts with insuring that the right to trial by jury in civil cases "shall be preserved to the parties inviolate." Nevertheless, we have recognized by court rule and case law that the right to trial by jury, like other constitutional rights, may be waived under appropriate circumstances. *See, e.g.,* Alaska R.Civ.P. 38(d); *Hollembaek v. Alaska Rural Rehabilitation Corp.,* 447 P.2d 67, 68 (Alaska 1968); *Patrick v. Sedwick,* 391 P.2d 453, 459–60 (Alaska 1964).

Civil Rule 38(d) specifically provides that the right to trial by jury (1) is waived by a party's failure to make a timely demand for jury trial as required under Civil Rule 38(b), and (2) may be impliedly waived by a party's failure to appear at trial.[4] Notwithstanding these specified exceptions, however, Civil Rule 39(a) provides that a jury trial, once demanded and not waived under Rule 38, *shall* be provided

> unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court, consent to trial by the court sitting without a jury or (2) the court upon motion by a party or upon its own motion finds that a right of trial by

2. The court found that some of the work performed on Frank's property amounted to an "unreasonable" use of the easement and awarded Frank $1,500 in compensatory damages. In all other respects, the court found GVEA's conduct reasonable and justified.

3. Similarly, we decline GVEA's invitation to reconsider in the first instance all of the factual evidence put before the trial court, in an effort to determine whether the denial of jury trial amounted to "harmless error." If, as GVEA contends, it was "entitled to judgment as a matter of law," then its proper recourse was to cross-appeal any relevant prejudgment rulings in accordance with Appellate Rules 202 and 204. We are alerted to no such cross-appeal.

4. More specifically, this section provides that the "consent to withdraw the jury trial demand" may be implied from failure to appear. Alaska R.Civ.P. 38(d). For our purposes here, however, the legal effect is the same.

jury of some or all of those issues does not exist under the state constitution or statutes of the state.

■ There is no dispute in this case that Frank's demand for jury trial was timely made. Moreover, GVEA does not contend that Frank waived his right to jury trial by oral or written stipulation, nor does it assert that this case was one in which the jury trial right does not apply. Rather, GVEA argues that, in addition to those methods expressly provided in the Civil Rules, the right to trial by jury may be waived "by conduct" where a party takes action which, "according to its natural import, is so inconsistent with the intent to enforce the right in question as to induce a reasonable belief that such right has been relinquished." *Escamilla v. California Ins. Guar. Ass'n,* 150 Cal.App.3d 53, 197 Cal.Rptr. 463, 466 (1983) (quoting *Medico–Dental Bldg. Co. v. Horton & Converse,* 21 Cal.2d 411, 132 P.2d 457, 469 (1942)). In GVEA's view, Frank's conduct in violating the filing requirements contained in the court's pretrial order constitutes such a waiver. We do not agree.

Civil Rule 51 provides that jury instructions may be submitted by the parties "[a]t the close of the evidence or at such earlier time during the trial as the court reasonably directs." [5] Alaska R.Civ.P. 51(a). Civil Rule 16(e) provides that the pretrial order "shall control the subsequent course of the action" unless modified by the court. In sharp contrast to Civil Rule 38(d), however, neither of the foregoing rules specifies that failure to comply will result in waiver of the right to trial by jury.[6] The difference is a significant one. When a party takes a given action, with notice that such action will amount to *waiver of the jury trial right,* we do not think it unreasonable for the court to infer from the party's conduct that the right has been waived. On the other hand, in the absence of such prior

notice, we do not think that a party's conduct in failing to comply with the letter of a given rule or order is, in itself, "so inconsistent with [an] intent to enforce the right in question" as to lead to a reasonable inference that the right has been waived. *Escamilla,* 197 Cal.Rptr. at 466. An examination of our holdings in *Hall v. Morozewych,* 686 P.2d 708 (Alaska 1984) and *Hill v. Vetter,* 525 P.2d 529 (Alaska 1974) is instructive in this regard.

In *Hall* and *Hill,* we were asked to decide whether a party's failure to appear at trial amounted to a waiver of that party's right to trial by jury, where Civil Rule 38(d) did not, at that time, expressly so provide. *Hall,* 686 P.2d at 711–12; *Hill,* 525 P.2d at 531. In both of these cases we held that, absent a clear mandate contained in the rules themselves, no such waiver could be implied. *Hall,* 686 P.2d at 711–12; *Hill,* 525 P.2d at 529. Under the rule as it reads today, however, the trial court may quite properly conclude that a party's failure to appear at trial constitutes waiver of the jury trial right. Alaska R.Civ.P. 38(d) (withdrawal of jury trial demand "may be implied by a failure to appear at trial"). It is not that the nature of the party's *action* has changed. Rather, it is the party's *prior notice* of the consequences of his action which justifies the court in finding a waiver. *See, e.g., Bertram v. Harris,* 423 P.2d 909, 917 (Alaska 1967) (superior court's prior warning to party that failure to comply with witness list exchange requirement "may result in the exclusion ... of witnesses from the trial" reserved to trial judge the right to later exclude such witnesses).

In the case at bar, the court's pretrial order contained no language suggesting that late filing of instructions would be construed to waive the jury trial right, and we are directed to no statute or rule which so provides. Moreover, although Judge

---

5. The parties have not argued, and we need not decide, whether the rule's use of the words "during the trial" precludes a trial judge from ordering the filing of jury instructions at some earlier date in the course of the litigation. *Cf.* Alaska R.Civ.P. 16(e) (pretrial order "shall control the subsequent course of the action" unless modified by the court).

6. *But see* Alaska R.Civ.P. 37 (party's failure to follow discovery order may result in "establishment" of certain facts or dismissal of disputed issues, thus effectively removing some or all of the issues from jury consideration).

Hodges noted that he was acting in accordance with "the practice ... in the Fourth Judicial District" when he ruled on the waiver issue, there is no indication in the record that Frank's attorney knew or should have known of any such "practice." Frank's jury instructions, although late, were in fact filed prior to the start of trial [7] and he could reasonably have expected, consistent with an intent to enforce his right, that they would be submitted to a jury notwithstanding the initial tardiness. In short, we think it unreasonable to presume from the mere fact of the late filing that Frank waived his constitutional right to trial by jury.

Today's holding does not mean that it is *never* reasonable for a trial court to imply waiver of the jury trial right from a party's post-demand conduct. Indeed, in the recent case of *Howard S. Lease Construction v. Holly*, 725 P.2d 712, 719–20 (Alaska 1986), we held that a party's post-demand representation to the court that a jury trial was not desired, and his subsequent seven-month acquiescence to a pretrial order specifying trial by the court, was sufficient to justify the court's conclusion that the jury trial had been waived. *See also Gregoire v. National Bank of Alaska*, 413 P.2d 27, 41–42 (Alaska 1966), *cert. denied*, 385 U.S. 923, 87 S.Ct. 238, 17 L.Ed.2d 147 (1966) (refusal to participate in jury selection constitutes waiver of jury trial). No such misrepresentation or acquiesence is present in the case at bar,[8] however, and

we do not believe that waiver can be fairly implied under the circumstances.

Nor do we intend by our holding to suggest either that we condone the behavior of Frank's counsel in violating the court's order, or that the court is without power to sanction such violation in accordance with the authority granted it under applicable statutes and civil rules. We simply hold that in this case it was error for the court to "deem waived" the constitutionally guaranteed right to trial by jury as a matter of course, based solely upon Frank's failure to file jury instructions within the time provided by the court's pretrial order.

■ The judgment of the superior court is REVERSED and the case is REMANDED for a jury trial on all issues.[9]

RABINOWITZ, Chief Justice, concurring.

Article I, section 16 of the Alaska Constitution provides in part: "In civil cases where the amount in controversy exceeds two hundred fifty dollars, the right of trial by a jury of twelve is preserved to the same extent as it existed at common law." By way of partial implementation of this constitutionally guaranteed right this court promulgated Civil Rule 51. Two aspects of Rule 51 are of significance here. First, it is important to note that under Alaska's system of jury trials a party may, but is not required to, submit requested instructions.[1] Second, whether or not the party

---

7. Frank's proposed jury instructions were actually submitted on May 27, 1986, two days prior to the start of trial.

8. The *Holly* case is also distinguishable from the case at bar in that the court in that case explicitly found that the granting of a jury trial at such a late date would be prejudicial to defendant. *Holly*, 725 P.2d at 720. Here, however, GVEA had expected a jury trial all along and had, indeed, already submitted its own proposed instructions. Moreover, Judge Greene indicated that there was no danger of delay or inconvenience should she have overruled Judge Hodges' prior order. In fact, she noted at the hearing that "we'd be prepared to go with a jury trial tomorrow if I granted a jury trial."

9. This disposition includes retrial on the issue of punitive damages, notwithstanding the fact that the trial court purported to dispose of that issue by the granting of a "directed verdict." Where,

as here, the liability and damages issues are tried by the court, the appropriate prejudgment motion is one for dismissal under Civil Rule 41(b), rather than for a directed verdict under Civil Rule 50(a). The applicable legal standards under these rules are not identical, and we cannot determine with certainty on this record which standard the court applied in the case at bar.

1. In this regard Civil Rule 51(a) reads in relevant part: "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party *may* file written requests that the court instruct the jury on the law set forth in the requests." (Emphasis furnished.)

has submitted requested instructions, Civil Rule 51(b) mandates that "[t]he court shall instruct the jury on all matters of law which it considers necessary for their information in giving their verdict."

This latter aspect of Civil Rule 51(b) is in accord with, and reflective of, the firmly established doctrine that it is the inescapable duty of common law judges "to instruct the jurors, fully and correctly, on the applicable law of the case, and to guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved...." 9 C. Wright & A. Miller, Federal Practice and Procedure § 2556, at 654 (1971) [hereinafter Wright & Miller]. *See also Pierce v. Ramsey Winch Co.*, 753 F.2d 416, 424–25 (5th Cir.1985); *Watland v. Walton*, 410 F.2d 1, 5 (8th Cir.1969); *Tyler v. Dowell, Inc.*, 274 F.2d 890, 897 (10th Cir.), *cert. denied*, 363 U.S. 812, 80 S.Ct. 1248, 4 L.Ed.2d 1153 (1960). Of particular relevance is the conclusion of Professors Wright and Miller that "[t]he court must instruct the jury properly on the controlling issues in the case even though there has been no request for an instruction or the instruction requested is defective." 9 Wright & Miller, *supra*, § 2556, at 654–55. *See Pepsi Cola Bottling Co. v. Superior Burner Serv. Co.*, 427 P.2d 833, 837 (Alaska 1967).

Given the foregoing I urge our trial judges to reject this court's invitation to author pretrial orders which provide that the late filing of requested instructions constitutes a waiver of the party's constitutionally guaranteed right to a jury trial. The insertion of notice of this potential sanction in pretrial orders will, in my view, have counterproductive consequences. As indicated earlier, it is the trial court's duty to instruct the jury on all legal facets of the trial whether or not the party has submitted requested instructions. Rather than filing a late requested instruction and thus forfeiting the right to a jury trial, a litigant facing a pretrial order waiver sanc-

tion will simply opt to decline to file any requested instructions. As a result, the trial court will be deprived of the particularly valuable assistance and experience of trial counsel's analysis of often complex and novel legal doctrines.

In short, there are available to trial courts an entire array of sanctions short of the denial of a jury trial to a litigant who files untimely requested instructions.[2] The majority's suggestion in my view denigrates an important constitutional right and in all probability will deprive trial courts of the valuable assistance of attorneys in fashioning legally correct instructions.[3]

2. Professors Wright and Miller state: "The court may refuse to consider an untimely request, although its discretion to decline the request because it is untimely should be sparingly and cautiously exercised." 9 Wright & Miller, *supra*, § 2552, at 624–25.

3. I concur in all other aspects of the court's opinion.